ALLEN, Marshal, *et al. v.* WISE.

No. 16350.   October 13, 1948.

*Dunbar Harrison* and *Fred B. Davis,* for plaintiffs in error.
*Shelby Myrick* and *Dennis Pierce,* contra.

HEAD, Justice. ■ The first question for determination here is the legal effect of the "motion" discharging Wise as Comptroller of the Mayor and Aldermen of the City of Savannah. There is an act of the General Assembly (Ga. L. 1898, pp. 255, 256) and an ordinance of the city which provide that it is the duty of the mayor to revise ordinances and resolutions before they become operative, and that the mayor, or acting mayor, shall either approve or disapprove of them, and that two-thirds of the aldermen present shall have power to pass the ordinance or resolution over the mayor's veto. It is contended by counsel for the plaintiffs in error that a "motion" could not be legally vetoed by the mayor.

Legislation by a municipal corporation must be put in the form of an ordinance, and acts that are done in a ministerial capacity and for temporary purposes may be in the form of a resolution. McQuillin on Municipal Corporations, Vol. 2, p. 1393, § 633. Chief Justice Emeritus Jenkins, while serving as Judge of the Court of Appeals, in the case of *City of Rome* v. *Reese,* 19 *Ga. App.* 560 (91 S. E. 880), stated the difference between an ordinance and a resolution as follows: "The distinction between an ordinance and a resolution is usually considered to be that, while a resolution deals with matters of a special or temporary character, an ordinance prescribes some permanent rule of government." Authorities cited in Words and Phrases, Vol. 30, pp. 150, 151, are in accord with the distinction stated in *City of Rome* v. *Reese,* supra.

Under the rule stated, the "motion" adopted by council, discharging the defendant in error, can not be construed as an ordinance. The act was administrative in character and was not the enactment of a law pertaining to the government of the city. Was the "motion" in effect a resolution? Webster's International

Dictionary (2d ed.), p. 2121, defines a resolution as "a formal expression of the opinion or will of an official body or a public assembly, adopted by a vote; as, a legislative resolution." Black's Law Dictionary (3d ed.), p. 1545, defines a resolution in part as follows: "The term is usually employed to denote the adoption of a motion, the subject-matter of which would not properly constitute a statute." American Jurisprudence, Vol. 37, p. 755, § 142, defines a resolution as follows: "The term 'resolution' denotes something less formal than the term 'ordinance;' generally, it is a mere expression of the opinion or mind of the council concerning some matter of administration coming within its official cognizance, and provides for the disposition of a particular item of the administrative business of a municipal corporation. It is ordinarily of a temporary character, while an ordinance prescribes a permanent rule of conduct or of government. *A resolution is not a law, and in substance there is no difference between a resolution, order, and motion."* (Italics ours.) Numerous authorities are cited by American Jurisprudence to support the proposition that there is no difference between a resolution, order, and motion.

Corpus Juris, Vol. 43, pp. 533, 534, states the rule as follows: "Where an act of council should be done by ordinance or resolution, and where by charter the ordinances or resolutions must be approved by the mayor, this requirement can not be evaded by giving to the ordinance or resolution the name or form of something else, such as a motion or report."

In this case the "motion" is so worded as to clearly indicate a resolution. The first paragraph is as follows: "A Motion by: Aldermen Carter, Crosby, Lynah, Porter, Sullivan, Wexler, Wilson, 1. That, for the good of the service of the City of Savannah and in the interest of the economical operation of said City, William B. Wise, an employee of the Mayor and Aldermen of said City, be discharged as Comptroller of said City, effective immediately." By substituting the word "Resolution" for the word "Motion," and inserting the words "Be it resolved," immediately preceding the first word of the first line, the document would have the appearance of a formal resolution by the members of council offering it.

In parliamentary procedure a motion may be made which sub-

mits a proposed measure for consideration and action. In this case the motion as made proposed the adoption by the council of an administrative measure, temporary in its nature. The fact that the motion as made included the measure to be adopted did not make the enacted measure a "motion." There could have been a separate motion to consider, with a vote on this motion, and another and separate vote on the measure proposed. The mere combining of a motion for the adoption of an administrative act, ordinance, or resolution with the act, ordinance, or resolution to be adopted or enacted, does not limit the act, ordinance, or resolution so as to confine its effect to that of a "motion."

No distinction is made in legislative acts (ordinances) or administrative measures (resolutions) in so far as the veto power of the mayor is concerned. (See Ga. L. 1898, pp. 255, 256.) The action by council in this case being administrative and by resolution, it was a proper subject matter of veto. Authorities from other jurisdictions, appearing in the brief of counsel for the plain-. tiffs in error, to the effect that courts generally do not favor the view that administrative acts can be vetoed, are not in point where the veto power is specifically granted. The mayor correctly determined that he had the legal right to veto the resolution discharging Wise as comptroller, and his veto not having been overridden by the council, the trial court correctly held the discharge of Wise to be illegal and void.

The second question presented for consideration is the contention of counsel for the plaintiffs in error that Wise could not attack his discharge as comptroller in a court of equity, but that his remedy was by quo warranto. Reasonably construed, the petition attacks directly the administrative act or resolution discharging the petitioner. His petition can not properly be construed as a contest with the defendant Kerr over title to the office of comptroller of the city. Under the order of the trial court in this case, the "motion" or resolution purporting to discharge Wise as comptroller is vacated and set aside on the ground that the action is illegal and void, for the reason that it was vetoed by the mayor.

The trial court applied the rule that injunctive relief may be granted to prevent the invasion of an office by physical force

or intrusion. In *Sutton* v. *Adams,* 180 *Ga.* 60 (178 S. E. 365), it was said: "While quo warranto may be the exclusive remedy to settle the title to an office, the rule is one to be addressed to the claimant who is out of possession, in that he should resort to this remedy instead of invading the office by physical force, or by any personal intrusion. The principle is not one to be applied to a de facto officer in possession, as against an adverse claimant." And at page 59, it was said: "There are many decisions to the effect that an officer de facto in possession is entitled to equitable intervention, not to try title, but to prevent disturbance of such possession otherwise than by judicial process."

The rule stated in the *Sutton* case was followed in *Patten* v. *Miller,* 190 *Ga.* 105 (8 S. E. 2d, 776), where it was said: "Where an officer is in possession of an office, and another person, even though he be a claimant thereto, seeks to interfere by force with such possession, a court of equity, at the instance of the incumbent, will prevent such interference until right to the office has been determined in a proper proceeding."

In *Cummings* v. *Robinson,* 194 *Ga.* 346 (21 S. E. 2d, 627), it was held that quo warranto could not supply that immediate and preventive relief obtainable in equity by injunction against one who intrudes or interferes without right or authority.

The trial court properly granted relief to Wise against the invasion of his office by Kerr. Kerr, in place of resorting to force (exerted by and through the marshal), could have sought judicial review of his claim to the office by writ of quo warranto, when Wise refused to recognize the resolution upon which Kerr's claim to the office was based.

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness.*