49525. HAIGHT et al. v. CITY OF BLUE RIDGE et al.

DEEN, Judge.

1. This is a petition for declaratory judgment by councilmen of the City of Blue Ridge, Georgia, naming the mayor of that city in his official capacity as defendant, seeking to construe the city charter (Ga. L. 1935, p. 928) to determine whether or not the mayor has a power of veto as to the election of certain city personnel by a majority of the city council. It appears that three of the five councilmen, at a regularly constituted meeting, voted to elect certain city employees; that the mayor vetoed the election and thereafter by executive order appointed other personnel, and that finally there was another meeting at which the councilmen, in an action to approve the executive appointments, tied in a two-two vote which the mayor resolved in favor of the second set of officers. Appellee has made a motion to dismiss the appeal in this court on the ground of mootness because of this subsequent action. The motion is denied. The allegations and prayers of the petition are broad enough to present a case for construction of the charter provisions not only as to the particular personnel here involved but in possibly recurring situations where the same question may be raised again and again.

2. The city charter of Blue Ridge, Ga. L. 1935, p. 928, provides as follows:

"Sec. 11. [At stated times] the mayor and councilmen shall elect a city clerk and treasurer, marshal, who may be the chief of police, and as many policemen as in the judgment of the mayor and councilmen shall be necessary; city attorney, and such other officers as the mayor and councilmen shall deem necessary in the good government of the city. . .

"Sec. 12. Be it enacted, that the mayor and three councilmen shall constitute a quorum for the transaction of any business before the body, and a majority of the votes cast shall determine questions before them; provided, that every question so determined, or ordinance passed, shall receive not less than three votes. On all questions before the said council, the mayor, or the mayor pro tem., if he be presiding, shall be entitled to vote only in case of a tie. He shall have the veto power, and may veto any ordinance or resolution of the councilmen, in which event the same shall not become a law unless subsequently passed over his veto by a vote of at least four councilmen on a yea and nay vote, duly recorded on the minutes of the city clerk; but unless he shall file in writing with the clerk of said city his veto of any measure passed by that body, with the reasons for withholding his assent, within three days from its passage, the same shall become a law. . ."

Under similar provisions in the charter of the City of Dublin the Supreme Court held in *Geeslin v. Opie,* 220 Ga. 53 (136 SE2d 720) "mayor and aldermen" (here "mayor and councilmen") "refer to the name and style of the corporate governing body and do not empower the mayor to vote other than as expressly provided 'in case of a tie vote.' " It also held that a vote on the election of city personnel is not the same as a vote on "ordinances, orders or resolutions." Section 12 of the Blue Ridge charter limits the mayor veto power to "any ordinance or resolution."

We are unable to find any significant distinction between the two city charters. The trial court was originally of this opinion also and entered up a judgment stating in part as follows:

"It is the opinion of this court that the instant case falls squarely within the holding of the Supreme Court of Georgia in the case of *Geeslin v. Opie,* 220 Ga. 53, and particularly the second division of said case.

"The Blue Ridge City Charter (Ga. Laws, 1935, pp. 928-968) provides in section eleven that 'the Mayor and councilmen shall elect a city clerk and treasurer, marshal, who may be chief of police, *and as many policemen as in the judgment of the mayor and*

*councilmen shall be necessary;* city attorney *and such other officers as the mayor and councilmen shall deem necessary in the good government of the city.'* Section twelve of the charter provides that 'on all questions before the said council, the Mayor or the Mayor Pro Tem, if he be presiding, *shall be entitled to vote only in case of a tie.* He shall have the veto power and *may veto any ordinance or resolution* of the councilmen in which event the same shall not become law unless subsequently passed over his veto by a vote of at least four councilmen———.'

"This Court holds that under the Charter of the City of Blue Ridge the Mayor *and* Councilmen are clothed with the responsibility of employing or appointing not only the officers and employees herein involved but all city personnel and that said Charter does not afford veto power to the Mayor on such actions by a majority of the council but only on ordinances and resolutions adopted by the councilmen which would become law except for his veto power. The Charter plainly states that the Mayor shall have veto power over ordinances and resolutions but this Court does not view this as extending to other ministerial or administrative actions of the council."

The trial judge, however, shortly thereafter vacated this order reciting that he was in doubt as to its correctness, and eventually entered the order appealed from. Since we are of the opinion that the original order was correct for the reasons therein stated, the judgment appealed from must be reversed.

*Judgment reversed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED JUNE 27, 1974 — DECIDED JULY 10, 1974 — REHEARING DENIED JULY 31, 1974 —

*Spence & Milam, Herman J. Spence, Bobby C. Milam, Telford, Stewart & Stephens, Charles W. Stephens,* for appellants.

*Robert K. Ballew, Roger E. Bradley,* for appellees.