38744. WILLIAMSON v. THE STATE.

WELTNER, Justice.

Williamson appeals from the overruling of demurrers to indictments charging him with the offense of criminal defamation.[1]

Constrained by the decision of the Supreme Court of the United States in Gooding v. Wilson, 405 U. S. 518 (92 SC 1103, 31 LE2d 408) (1974), we hold that the requisite element of Code Ann. § 26-2804 — a communication which "tends to provoke a breach of the peace" — is vague and overbroad under the First and Fourteenth Amendments to the United States Constitution. See also Ashton v. Kentucky, 384 U. S. 195, 200 (86 SC 1407, 16 LE2d 469) (1966).

It should be noted that the General Assembly now has limited to "fighting words" the maximum outreach of the breach of the peace provision of the opprobrious language statute, Code Ann. § 26-2610

---

[1] On motion for rehearing, the opinion of July 8, 1982, has been withdrawn, and the judgment of that date vacated.

(a), consistent with Gooding v. Wilson, supra. The equivalent language contained in the statute here in question remains unchanged.

*Judgment reversed. All the Justices concur, except Jordan, C. J., Clarke and Smith, JJ., who dissent.*

DECIDED SEPTEMBER 23, 1982.

*McAllister & Roberts, J. Dunham McAllister,* for appellant.
*James L. Wiggins, District Attorney, James E. Turk, Assistant District Attorney,* for appellee.