38882. CITY OF LUDOWICI et al. v. BROWN et al.

MARSHALL, Justice.

The question for decision in this case is whether the mayor of the City of Ludowici possesses the authority to veto the appointment by the aldermen of a recorder for the police court.

The resolution of this question depends upon the construction of the city charter. Ga. L. 1980, p. 3667 et seq., § 1 et seq. Under the city charter, the municipal government is vested in a mayor and five aldermen. Ga. L. 1980, p. 3668, § 2. The mayor and aldermen are collectively known as "The Council of Ludowici." Ga. L. 1980, p. 3669, § 4. The mayor shall vote only in case of a tie vote. Ga. L. 1980, p. 3673, § 17(a). However, "[t]he mayor ... shall have the veto power and may veto any resolution or ordinance passed by the council, in which event the same shall not become a law or have the effect of law unless subsequently and at the next regular meeting thereafter it shall be

passed over his veto by a two-thirds vote of the entire council duly recorded on the minutes; but unless he shall file in writing with the clerk of said city his veto of any measure passed by the council, with his reasons for withholding his assent within three days after its passage, the same shall become a law just as if signed and approved by said mayor, but he may approve the same in writing and the measure shall go into effect immediately." Ga. L. 1980, pp. 3673-3674, § 17(b).

A municipal court designated "The Police Court of Ludowici" is established by the city charter. Ga. L. 1980, p. 3674, § 19(a). The recorder of the police court "shall be appointed by the mayor and aldermen of said city . . ." Ga. L. 1980, p. 3675, § 19(c).

In this case, the Ludowici City Council voted by a vote of 3 to 2 to elect Jack Futch as recorder of the police court. Within three days, the mayor entered a written veto setting forth his reasons therefor. This action for a declaratory judgment and injunctive relief was then instituted.

The superior court ruled that under the authority of *Geeslin v. Opie,* 220 Ga. 53 (2) (136 SE2d 720) (1964), the mayor of Ludowici does not possess the authority to veto the aldermen's appointment of a police-court recorder. For reasons which follow, we reverse.

1. In *Allen v. Wise,* 204 Ga. 415 (50 SE2d 69) (1948), this court upheld the mayor of the City of Savannah's veto of a motion passed by the aldermen discharging the city comptroller.

A provision of the city charter gave the mayor the authority to veto ordinances and resolutions of the city. Ga. L. 1898, pp. 255, 256. This court distinguished resolutions from ordinances, as follows: " 'The term "resolution" denotes something less formal than the term "ordinance"; generally, it is a mere expression of the opinion or mind of the council concerning some matter of administration coming within its official cognizance, and provides for the disposition of a particular item of the administrative business of a municipal corporation. It is ordinarily of a temporary character, while an ordinance prescribes a permanent rule of conduct or of government. *A resolution is not a law, and in substance there is no difference between a resolution, order, and motion.* ' (Italics ours.)" 204 Ga. 415, supra, p. 418.

The court went on to hold that the action of the aldermen discharging the comptroller was in effect a resolution and, therefore, was a proper subject matter of veto. In so holding, the court recognized authorities holding that courts generally do not favor the view that administrative acts can be vetoed. 204 Ga. 415, supra, p. 419. However, the court held that these authorities "are not in point where the veto power is specifically granted." Id.

2. Some 16 years later in *Geeslin v. Opie,* 220 Ga. 53, supra, this

court held that the mayor of the City of Dublin lacked the authority to veto a vote of the board of aldermen nominating a city clerk.

The city charter in *Geeslin* authorized the "mayor and board of aldermen" to elect a city clerk. Ga. L. 1952, pp. 2516, 2518. However, the court held: "Provisions in the charter as to the 'mayor and aldermen' and 'mayor and board of aldermen,' refer to the name and style of the corporate governing body and do not empower the mayor to vote other than as expressly provided, 'in cases of tie vote.'" 220 Ga. 53, supra, p. 57.

Another provision of the city charter authorized the mayor to veto "any ordinances, orders or resolutions of the city aldermen . . . within three days after its passage." Ga. L. 1937, pp. 1771, 1792. However, still another charter provision specified that the results of votes for the conformation of appointees would be declared at the conclusion of the voting. Ga. L. 1937, pp. 1771, 1817.

The court relied on the latter charter provision in holding that the mayor lacked the authority under the city charter to veto the aldermen's nomination of a city clerk. In so holding, the court stated that this charter provision "does not provide for delaying the outcome by affording the mayor the three-day charter period to decide whether to veto or approve." 220 Ga. 53, supra, p. 58.

The court also found it "noteworthy" that the veto provision authorized the mayor to veto "ordinances, orders or resolutions." The court held, "[t]he action here was none of those." 220 Ga. 53, supra, p. 58. However, it has been observed that this latter ground for the decision in *Geeslin* is inconsistent with the reasoning of *Allen.* Sentell, The Legislative Process in Georgia Local Government Law, 5 Ga. L. Rev. 1, 70 (1970).

3. *Geeslin* was relied on in *Haight v. City of Blue Ridge,* 132 Ga. App. 545 (208 SE2d 357) (1974), which held that the mayor of the City of Blue Ridge lacked the authority under the city charter to veto the city council's election of certain city personnel. See Sentell, Local Government Law, 27 Mer. L. Rev. 141, 147 (1975).

4. In our opinion, *Geeslin* is reconcilable with *Allen* on the ground that the effect of the time limitations contained in the city charter in *Geeslin* was to specifically exclude aldermanic votes for such positions as city clerk from the mayoral veto. Accordingly, there is still viability to the pronouncement in *Allen* that "authorities . . . to the effect that courts generally do not favor the view that administrative acts can be vetoed, are not in point where the veto power is specifically granted." 204 Ga. 415, supra, p. 419.

5. Under the charter provisions involved here, the type of legislation over which the mayor is given a veto is variously described as "any resolution or ordinance passed by the council" and "any

measure passed by the council." Under *Allen,* the council's appointment of a recorder for the police court should be characterized as a "resolution," functionally indistinguishable from a "motion" or "order." *Geeslin* is distinguishable from the present case because of differences in the city-charter provision under review there.

Therefore, we conclude that under the Ludowici city charter the mayor does possess the authority to veto the aldermen's appointment of a police-court recorder.

6. The reasoning in *Geeslin* and the decision in *Haight* are disapproved to the extent that they conflict with our decision herein.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 23, 1982.

*Richard D. Phillips,* for appellants.
*Albert Rahn III,* for appellees.