## 39139. STEPHENSON et al. v. BENTON.

PER CURIAM.

Benton brought this action for declaratory judgment, naming as defendants Stephenson, individually and as mayor of Commerce, Georgia, and two Commerce city councilmen, individually and in their official capacity. In his action Benton sought to determine whether, under the city charter and code, the mayor of Commerce has a power of veto over the election of the city attorney by a majority of the city council. The trial court held that the mayor has no such veto authority. We affirm.

Benton was duly elected to succeed himself as Commerce city attorney at the January 11, 1982 meeting of the mayor and city council. The following day, Stephenson vetoed the election and sought, along with councilmen Pardue and Sosebee, to have Dan Moore elected city attorney. Moore was nominated but failed to garner the required majority vote. No other nominations have been made.

The Commerce city charter provides for the election of a city attorney at the first regular meeting of the mayor and city council. Ga. L. 1909, pp. 667-68. The city code states: "In all elections, as well as in the passing of all ordinances, rules, etc., the Mayor of the City of Commerce shall not vote except in the case of a tie. All ordinances, rules and resolutions passed by the Council shall be submitted to the Mayor for approval, and he shall have four (4) days after the adjournment of the meeting of Council passing such ordinances, rules or regulations in which to approve or veto the same . . ." Code of City of Commerce p. 45 § 3, (1935). The council may override the mayor's veto by a two-thirds vote. Id.

1. Relying on § 3 of the city code, Stephenson contends that the veto power of the mayor of Commerce, made express as to "ordinances, rules and resolutions," extends by implication to the election of the city attorney as well. We do not agree.

Mayoral vetoes of elections or appointments by a city council are generally disfavored. 3 McQuillin on Municipal Corporations § 12.74 (3d ed. 1982). In *Allen v. Wise,* 204 Ga. 415, 419 (50 SE2d 69) (1948), this court acknowledged that "courts generally do not favor the view that administrative acts [of a city council] can be vetoed . . .," but distinguished these authorities as "not in point where the veto power is specifically granted." In the *Allen* case the city charter of Savannah granted the mayor authority to veto ordinances and resolutions passed by the city council. The court upheld the mayor's veto of a motion passed by the council discharging the city comptroller on the grounds that the council's action was in effect a resolution and thus a

proper subject matter of veto under the charter. Likewise, in *City of Ludowici v. Brown,* 249 Ga. 857 (295 SE2d 90) (1982), we recently held that a mayoral veto of the appointment of a police court reporter by the city council was authorized where the city charter granted the mayor veto power over "any resolution or ordinance passed by the council" and "any measure passed by the council."

The provisions of the charter and city code of Commerce distinguish this case from both *Allen v. Wise* and *Brown,* supra. Here the council's appointment of Benton as city attorney is plainly characterized as an "election" by the Charter. Such an election is not subject to the mayor's veto power as set out in the city code. The code provides that the mayor shall not vote, unless there is a tie, "[i]n all elections, as well as in the passing of all ordinances, rules, etc . . ." Immediately thereafter, the code further provides that the mayor may veto "[a]ll ordinances, rules, and resolutions passed by the Council . . ." We construe the code's exclusion of elections from the mayor's veto power to mean that the city fathers did not intend to grant the mayor of Commerce the power to veto the council's election of a city attorney. See *City of Macon v. Walker,* 204 Ga. 810 (51 SE2d 633) (1949).

We recognize that slight differences in the language of applicable city charters and codes may require different results in cases which are otherwise strikingly similar. Each case turns on the particular language of the city laws in question. See *City of Ludowici v. Brown,* supra. We merely hold that where city laws distinguish between elections, resolutions, and ordinances, then grant a mayoral veto over resolutions and ordinances but not over elections by the city council, we will not imply a power to veto such elections. It follows that Mayor Stephenson had no authority to veto Benton's election as city attorney. The trial court correctly declared the veto null and void and restored Benton to his rightful office.

2. In his complaint, Benton denominated parties defendant as follows: "Tommy Stephenson, Individually and as Mayor of the City of Commerce, Georgia, John Pardue and Robert Sosebee, Individually and as Councilmen for the City of Commerce, Georgia." He protested an action of Stephenson purportedly done in Stephenson's official capacity as mayor, and the action of Pardue and Sosebee, done in their official capacities as councilmen of the City of Commerce. He thereby sought to affect the affairs of the City of Commerce and the constituency of its public office holders and servants. The relief he sought is relief relative to the acts of the named defendants in their official capacities as office holders of the City of Commerce.

Benton's attorney in this action was at all times material the

occupant of the office of City Recorder of the City of Commerce, and hence a public officer under the provisions of Art. I, Sec. II, Par. I of the Constitution of Georgia of 1976 (Code Ann. § 2-201), which provides in part: "Public officers are the trustees and servants of the people, and at all times, amenable to them."

In *Ga. Dept. of Human Resources v. Sistrunk,* 249 Ga. 543, 547 (291 SE2d 524) (1982), we held:

*"All* public officers, within whatever branch and at whatever level of our government, and whatever be their private vocations, are trustees of the people, and do accordingly labor under every disability and prohibition imposed by law upon trustees relative to the making of personal financial gain from the discharge of their trusts.

"May one trustee of the people, as attorney and for his own financial gain, initiate or defend a lawsuit on behalf of another which seeks to defeat the official public actions of another trustee of the people? . . .

"No."

It is plain that the proscriptions of our Constitution, which appear without substantive change as Art. I, Sec. II, Par. I of the Constitution of Georgia of 1982, apply to *all* public officers, including the City Recorder of Commerce. "Nor are the proscriptions of the law confined to legislators who are lawyers. They extend to every public officer." *Sistrunk,* at 547.

Accordingly, Benton's attorney, as a public officer of the City of Commerce, is prohibited as attorney and for his own financial gain from initiating or defending a lawsuit on behalf of another which seeks to defeat the official public actions of other trustees of the people — specifically, the mayor and two city councilmen of the City of Commerce — and the motion to disqualify should have been granted. Nonetheless, having disposed of the principal issue as a matter of law, little is to be accomplished by a reversal upon this ground. Accordingly, the judgment below is affirmed.

*Judgment affirmed. All the Justices concur, except Clarke, Smith and Bell, JJ., who dissent as to Division 2.*

DECIDED MARCH 16, 1983.

*James H. Archer, Jr.,* for appellants.

*John Terry Brown, Davis, Davidson & Hopkins, Jack S. Davidson,* for appellee.