## 42669. VICKERS et al. v. COFFEE COUNTY et al.
### (340 SE2d 585)

BELL, Justice.

This appeal centers on the validity of a purchase by defendant-appellee Coffee County of a tract of land owned by defendant-appellee Winston Batten for use as a landfill. Plaintiffs-appellants, residents of Coffee County, sued Coffee County, Batten, and the defendants-appellees county commissioners, seeking a declaration that the contract to purchase the Batten tract was null and void, and other relief.

On April 10, 1985, the court held a hearing as to a request by appellants for interlocutory relief, and on July 2, 1985, issued an order denying the relief. The plaintiffs appeal, and we reverse. Appellants bring five enumerations of error, but we need only address their fourth, which encompasses their contention that the contract to purchase the Batten tract was invalid because one of the commissioners, Thurston Paulk, had a conflict of interest. We agree with this contention.

In its interlocutory order the court found that "Thurston Paulk, one of the commissioners, who participated in the specially called meeting on February 22, 1985, and who voted at that meeting to purchase the Winston Batten tract, acquired, along with a co-grantee, on November 30, 1984, a tract of land in the vicinity of the other two proposed landfill sites — the Jerome Adams and Bill Evans tracts — which he purchased with the intention of developing as a subdivision.

"The ownership by Commissioner Paulk of a tract of land in the vicinity of the two proposed sites, neither of which was purchased by the Board of Commissioners for the new sanitary landfill, and the possibility had one of these two sites been selected rather than the Winston Batten tract as the site for the new sanitary landfill, that such selection would have a negative economic impact upon the value of the land does not constitute a conflict of interest with respect to Commissioner Paulk's participation in the specially called meeting of February 22, 1985, and his voting in favor of the purchase of the Batten tract."

Based on this finding, the court concluded that "[t]he contract to purchase the Batten tract is not null and void because of any conflict of interest upon the part of Commissioner Thurston Paulk. In *Dept. of Transportation v. Brooks*, 254 Ga. 303 at page 317 it was held, 'we delineate that kind of conflict of interest which, in law, is the equivalent of fraud and corruption, as follows: when a public officer, in the discharge of his public function, acts upon a measure relating to a *specific transaction* and such transaction shall *directly* and *immediately* affect his pecuniary interest.'

"Obviously, Commissioner Paulk's pecuniary interest was not *di-

*rectly* and *immediately* affected by the contract to purchase the Batten tract. If his pecuniary interest were to be affected at all by a possible economic impact arising from locating a landfill in one part of the county as opposed to another, the affect upon his pecuniary interest would be quite *indirect* and *remote*, rather than *direct* and *immediate*, as is required to constitute a conflict of interest of the kind which, in law, is equivalent to fraud and corruption." (Emphasis in original.)

We disagree with the trial court's ruling, because its finding that Commissioner Paulk was not directly and immediately affected by the contract to purchase the Batten tract, and the court's consequent conclusion that Paulk did not have a conflict of interest, are directly contradicted by evidence which was presented at the April 10, 1985, evidentiary hearing. At that hearing Commissioner Paulk testified as follows:

"Q. All right, sir. You will conceive [sic] will you not, Mr. Paulk, that if a person were to locate a sanitary landfill about two miles from your development it might affect the value of that land and your ability to sell those lots, wouldn't it?

"A. I understand that.

"Q. And you would agree with that, wouldn't you?

"A. Yes sir.

"Q. You would agree that it would affect you?

"A. I would agree that it would affect extent [sic]."

In the foregoing testimony Mr. Paulk unequivocally acknowledged that the location of a landfill in the vicinity of his planned subdivision would have resulted in decreasing the value of the subdivision. Thus, there was a specific transaction (the county's selection of a landfill site) which *directly* and *immediately* affected Mr. Paulk's pecuniary interest. Since there was no factual dispute on this issue, the court therefore erred in failing to find a conflict of interest, and thus in refusing to invalidate the contract to purchase the Batten tract. *Dept. of Transp. v. Brooks*, 254 Ga. 303, 317 (8) (328 SE2d 705) (1985).

Inasmuch as we have reversed the judgment of the trial court on the ground of conflict of interest, we do not reach appellants' remaining enumerations.

*Judgment reversed. All the Justices concur, except Hill, C. J., and Gregory, J., who concur in the judgment only, and Clarke and Smith, JJ., who dissent.*

DECIDED MARCH 3, 1986 —
RECONSIDERATION DENIED APRIL 2, 1986.

*James D. Hudson,* for appellants.
*William V. Evans, Douglas W. Mitchell III,* for appellees.

ADDENDUM.

The appellees have filed a motion for reconsideration; they raise several contentions, only one of which merits comment. They argue that, regardless of whether Commissioner Paulk labored under a conflict of interest at the February 22, 1985, meeting, the contract was not null and void because it was again approved at a second meeting on April 15, 1985, at which only three commissioners, not including Paulk, were present and voted. Appellees contend that, inasmuch as Paulk did not vote at or attend the second meeting, the vote at that meeting was not tainted by any conflict of interest on his part. See generally *Dunaway v. City of Marietta,* 251 Ga. 727 (3) (308 SE2d 823) (1983). However, pretermitting the merits of this issue, our review of the record indicates that it was not raised or decided in the superior court. Issues not raised at trial will not be considered for the first time on appeal. *Cohran v. Carlin,* 254 Ga. 580 (1) (a) (331 SE2d 523) (1985); *Bryant v. Mayor &c. of Americus,* 252 Ga. 76 (4) (311 SE2d 174) (1984); *Hammond v. Paul,* 249 Ga. 241 (1) (290 SE2d 54) (1982). Accordingly, the motion for reconsideration is denied.

*All the Justices concur, except Hill, C. J., Clarke, P. J., and Smith, J. who would grant the application.*