S91A0205. COLUMBUS, GEORGIA v. BOARD OF WATER COMMISSIONERS OF COLUMBUS, GEORGIA.
(403 SE2d 791)

FLETCHER, Justice.

In July of 1990, the Council of Columbus (the "council") appointed one of its members to serve on the Board of Water Commissioners of Columbus (the "board"). The board filed a petition for declaratory judgment or, in the alternative, an application for writ of quo warranto in the Superior Court of Muscogee County (the "court") seeking to have the council's appointment to the board invalidated.

The court found that council members are not eligible to serve concurrently as council members and as board members because such would violate OCGA § 36-30-4 and would constitute a common law conflict of interest. As a result, the court held the council member's

appointment to the board to be null and void and issued a writ of quo warranto nullifying the appointment. Columbus appeals and we affirm.

1. OCGA § 36-30-4 provides:

> A councilman or alderman of a municipal corporation shall be ineligible to hold any other municipal office during the term of office for which the councilman or alderman was chosen unless he first resigns as councilman or alderman before entering such other office. This Code section shall apply to all elected officials of a municipal corporation.

The legislation under which the board was created provides that the board is a "subordinate branch" of Columbus and that board members are officers of Columbus. Ga. L. 1902, pp. 370, 372, 375, 376. From these facts, it seems clear that membership of a council member on the board is prohibited by OCGA § 36-30-4. Columbus argues, however, that its charter gives it the specific authorization necessary to fit it within the recognized exception to that statute which was enunciated in *Fowler v. Mitcham*, 249 Ga. 400, 402 (291 SE2d 515) (1982) when this court stated:

> Consistently with the common-law rule against conflicts of interest in local government, our courts have held that it is contrary to public policy to permit an official board having the power to appoint to an office to exercise that power by appointing one or more of their own body, unless the statute conferring the appointing power expressly authorizes self-appointment.

Columbus' charter was amended in 1971 to provide, among other things, that the council has the authority to: "redefine the manner of appointment, membership and powers and duties of said Board of Water Commissioners after the expiration of a period of eighteen months following the effective date of this Charter." Ga. L. 1971, Extr. Sess., p. 2050. The council contends that such amendment is specific authorization for self-appointment because if the council can redefine the board's membership, surely it can appoint one of its own to the board.

We disagree. Passing over the question of whether a charter provision that specifically authorizes self-appointment would be valid if it were contrary to the general law codified in OCGA § 36-30-4 or whether its effect would be the creation of a common law conflict of interest, we do not interpret the 1971 charter amendment as specifically authorizing the council to appoint its members to the board.

2. As a consolidated government, Columbus contends that it has

additional rights and powers under statutes applicable to counties. Columbus argues that OCGA § 45-2-2, when read in conjunction with the last sentence of OCGA § 45-2-1, permits a county officer to concurrently hold additional offices as long as the other office is not a county office and as long as such is not expressly prohibited. Columbus goes on to contend that because it is a consolidated government, OCGA §§ 45-2-2 and 45-2-1 apply to Columbus and, because there is no express prohibition against Columbus council members sitting on the board, a council member should be allowed to serve concurrently on both the council and the board.

As has already been established in Division 1, the board is subordinate to the council. Board members are elected by the council and, in certain circumstances, may be removed by the council. The actions of the board are subject to review by the council and, in certain matters such as the placement and number of public hydrants, the board must comply with the dictates of the council. Ga. L. 1902, p. 370 et seq.

Thus, even if we were to find OCGA §§ 45-2-2 and 45-2-1 applicable to Columbus, its argument in regard to those statutes is without merit. The council clearly serves a supervisory and/or appellate function in relation to the board which would be inconsistent to board membership. Despite Columbus' arguments to the contrary, a conflict of interest would exist if a council member were to serve concurrently on the board. Accord *Mayor &c. of Macon v. Huff*, 60 Ga. 221 (1878); *Hawkins v. The Intendant, etc. of Jonesboro*, 63 Ga. 527 (1879).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 10, 1991.

*Eugene H. Polleys, Jr.*, for appellant.

*Hatcher, Stubbs, Land, Hollis & Rothschild, James E. Humes II, Joseph L. Waldrep*, for appellee.