S91A1152. CREMINS et al. v. THE ATLANTA JOURNAL & THE ATLANTA CONSTITUTION et al.

(405 SE2d 675)

FLETCHER, Justice.

This case arises out of a request for the production of certain documents made by appellees to three Georgia Tech athletic coaches pursuant to the Open Records Act, OCGA § 50-18-70 et seq. The documents requested concern athletically related outside income of the three coaches. The trial court conducted a thorough in camera inspection of documents produced by the coaches and ordered the production of certain of those documents pursuant to our decision in *Dooley v. Davidson*, 260 Ga. 577 (397 SE2d 922) (1990). The coaches appealed.

We find that this case is controlled by our decision in *Dooley*, supra, and that the trial court, with one exception, properly considered all of the factors set forth therein in reaching its decision. The trial court held that both a consultant appearance contract and a consultant contract between Cremins and Nike were public records. The latter contract clearly is governed by the Open Records Act, however, the former contract is not. In *Dooley*, referring to a consultant appearance agreement at issue in that case, we held that:

> It obligates the coach only to make speaking appearances on behalf of a manufacturer. Standing alone, a contract to speak on behalf of a third party — unconnected with and not in conflict with the performance of an official duty — relates to a *private* activity, and is not a "public record."

(Emphasis in original.) *Dooley*, 260 Ga. at 582. In *Dooley*, there were two contracts with the same manufacturer just as there are here: a consultant contract and a consultant appearance contract. We have compared the consultant appearance contract involved in *Dooley* with the Cremins' consultant appearance contract and find that the two contracts are virtually identical. Accordingly, we reverse the decision of the trial court as to the Cremins' consultant appearance contract and hold that such contract relates to a private activity, is not a public record, and need not be disclosed. We affirm the remainder of the trial court's orders relating to the production of these documents.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Clarke, C. J., and Smith, P. J., who dissent.*

CLARKE, Chief Justice, dissenting.

I cannot agree with the majority opinion for the same reason enunciated in my dissent in the case of *Dooley v. Davidson*, 260 Ga. 577 (397 SE2d 922) (1990). I therefore respectfully dissent.

Sмітн, Presiding Justice, dissenting.

My feelings are the same as those expressed in *Dooley v. Davidson*, 260 Ga. 577 (397 SE2d 922) (1990). Therefore, I dissent.

DECIDED JULY 3, 1991 —
RECONSIDERATION DENIED JULY 24, 1991.

*Parker, Hudson, Rainer & Dobbs, Rufus T. Dorsey IV, Armando L. Basarrate II*, for appellants.

*Dow, Lohnes & Albertson, Terrence B. Adamson, Peter C. Canfield, James A. Demetry, Michael J. Bowers, Attorney General, Michael E. Hobbs, Senior Assistant Attorney General*, for appellees.

*Alston & Bird, Judson Graves, Paul J. Quiner, Daniel A. Kent*, amicus curiae.