S92A0555. WALTERS v. CITY OF DUBLIN et al.
(417 SE2d 144)

WELTNER, Presiding Justice.

Johnson defeated the incumbent, Walters, in an election for city

council on October 1, 1991. After the election, Walters filed a petition challenging the election on the ground that Johnson was disqualified and ineligible to hold office because he violated the following provision of the city charter:

> No appointed officer or employee of the City shall in any manner contribute to, participate in, or take part in any election, primary or any political contests, other than exercising his right to vote; provided, the foregoing prohibitions shall apply only to those elections, primaries or political contests for the City. Any person violating the provisions of this Section shall be punishable as for violation of a City Ordinance.

The city council validated the election and denied the contest. The trial court dismissed the appeal on the merits, holding that as a volunteer non-compensated member of two city boards (the board of education and the housing authority), Johnson was neither an "appointed officer" nor an "employee" of the city. Further, the trial court held that the intent of the provision is not to create a disqualification of city council candidates, but rather to control political activity of city employees and officers. Compare *Columbus v. Bd. of Water Commrs.*, 261 Ga. 219 (403 SE2d 791) (1991) (OCGA § 36-30-4 and common law conflict of interest prevent city council member from serving concurrently as a member of city council and of a board whose members are elected by that city council). Johnson resigned from the boards before taking office.

There was no error.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 11, 1992.

*Joe H. Thalgott,* for appellant.

*Harold D. McLendon, Larsen & West, William W. Larsen, Jr., Green & Tribble, Judson L. Green III,* for appellees.