S92A0811. DAVIS et al. v. CITY OF MACON.
(421 SE2d 278)

PER CURIAM.
Judgment affirmed without opinion pursuant to Rule 59.
*All the Justices concur.*

WELTNER, Chief Justice, concurring.
This is the last appeal in which I will participate as a member of the Supreme Court of Georgia. For more than ten years, I have cherished my service here. For that, I am deeply grateful to Governor George D. Busbee, who first appointed me; to the people of Georgia, who have elected me twice to this office; and to my colleagues among the justices and staff of the court. I lay aside my duties with some regret for things that remain undone. More powerful, however, is the satisfaction that comes from the substantive accomplishments of this court, and for its strength and influence as the core of an honorable, competent, and independent branch of government.

Over the past decade, as I see it, our court has breathed life into some old words that have lain dormant within our Constitution for most of their century-old existence. The words are:

Public officers are the trustees and servants of the people and are at all times amenable to them. [Constitution of Georgia of 1983, Art. I, Sec. II, Par. I.]

We have established that this is no empty phrase, but an obligation that is enforceable in a court of law.[1] Public men and women,

---

[1] *Georgia Dept. of Human Resources v. Sistrunk*, 249 Ga. 543 (291 SE2d 524) (1982) (conflict of interest for legislator who is also lawyer to sue state on behalf of private client and for personal gain). See also *Stephenson v. Benton*, 250 Ga. 726 (300 SE2d 803) (1983) (conflict of interest for city attorney to represent private client in effort to defeat official public actions of city officials); *Dunaway v. City of Marietta*, 251 Ga. 727 (308 SE2d 823) (1983) (conflict of interest requiring hearing to determine validity of rezoning decision when presiding officer of zoning board meeting was also corporate officer of applicant for re-zoning, even though presiding officer did not vote); *Wyman v. Popham*, 252 Ga. 247 (312 SE2d 795) (1984) (allegations of indirect financial interest on the part of two commissioners required hearing to determine validity of commissioners' vote); *Brooks v. City of Atlanta*, 254 Ga. 303 (328 SE2d 705) (1985) (ordinance authorizing city to transfer land invalidated when president of city council appeared to have undisclosed financial interest in consummation of transaction); *Vickers v. Coffee County*, 255 Ga. 659 (340 SE2d 585) (1986) (commissioners' selection among alternative tracts of land for sale to county invalidated because selection of a different site might affect adversely value of property owned by voting commissioner); *Arne-*

above all others, must act in good faith. Neither facile excuse nor clever dissimulation[2] can serve in the stead of duty — faithfully performed. Because public men and women are amenable "at all times" to the people, they must conduct the public's business out in the open.[3] A failure to perform that duty can be a ground for recall from public office.[4] We have eliminated the "campaign contribution" as a cover for bribes.[5] In the realm of personal liberties, freedom of expression under the Constitution of Georgia remains safe and strong.[6]

---

son v. Board of Trustees of the ERS, 257 Ga. 579 (361 SE2d 805) (1987) (citizens have right to complain that acts of officials of state employees' retirement system are ultra vires); Bowen v. Griffith, 258 Ga. 162 (366 SE2d 293) (1988) (commissioner obligated by statute to oversee work of all county employees cannot serve lawfully as county road superintendent); State v. Agan, 259 Ga. 541 (384 SE2d 863) (1989) (bribery statute applies to transfers to public officers, even if inducement labelled "campaign contribution"); Rowland v. Tattnall County, 260 Ga. 109 (390 SE2d 217) (1990) (public officer elected to higher office not entitled to salary based upon advertisement computing qualifying fee incorrectly); Columbus v. Board of Water Commrs. of Columbus, 261 Ga. 219 (403 SE2d 791) (1991) (conflict of interest for city council member to serve on city board).

[2] Earth Mgmt., Inc. v. Heard County, 248 Ga. 442 (283 SE2d 455) (1981) (condemnation action by county invalidated as undertaken in bad faith when real purpose was to frustrate construction of waste facility).

[3] "Public responsibility demands public scrutiny." Arneson, above, 257 Ga. at 580. See also Board of Regents of the University System of Georgia v. Atlanta Journal, 259 Ga. 214 (378 SE2d 305) (1989) (records pertaining to candidates for Board of Regents search are public records; are not exempted confidential evaluations; are not implicated in right to privacy argument because no claim of individual invasion of personal privacy is asserted. Hence, they are subject to Open Records Act); Georgia Hospital Assoc. v. Ledbetter, 260 Ga. 477 (396 SE2d 488) (1990) (accreditation reports for licensing of hospitals are subject to Open Records Act; balancing test of public interest limited to cases in which unwarranted intrusion into individual's privacy at stake); Dooley v. Davidson, 260 Ga. 577 (397 SE2d 922) (1990) (records and documents associated with income of coaches at University of Georgia are public records if material is "prepared and maintained or received in the course of the operation" of the university or the athletic association); Dortch v. Atlanta Journal, 261 Ga. 350 (405 SE2d 43) (1991) (cellular telephone bills of city council members paid by the city are subject to Open Records Act and fall under no exemption); Cremins v. Atlanta Journal, 261 Ga. 496 (405 SE2d 675) (1991) (records and documents associated with income of coaches at Georgia Tech are public records in accordance with Dooley, above); McFrugal Rental of Riverdale v. Garr, 262 Ga. 369 (418 SE2d 60) (1992) (custodian of public records has burden of proof to justify fees imposed upon public for inspection of such records).

[4] Steele v. Honea, 261 Ga. 644 (409 SE2d 652) (1991).

[5] State v. Agan, 259 Ga. 541 (384 SE2d 863) (1989). As to public officials, we held: Other than those emoluments of public office that are expressly authorized and established by law, no holder of public office is entitled to request or receive — from any source, directly or indirectly — anything of value in exchange for the performance of any act related to the functions of that office. [Id. at 544.]

Agan summarizes important procedural remedies that are available to the private citizen.

The acceptance of a bribe is an egregious conflict of interest, and will vitiate official acts that otherwise appear to be lawful. . . . Criminal sanctions attached to bribery inhere to the prosecutorial authority of the district attorney. Civil sanctions . . . [cits.] lie to an aggrieved citizen, that is, to one who has suffered "substantial damage to a substantial interest." [Id. at 546, note 4.]

See also 1991 Op. Atty. Gen. No. U91-10.

[6] Georgia Gazette Publishing Co. v. Ramsey, 248 Ga. 528 (284 SE2d 386) (1981) [my

There are important issues ahead, including the constant struggle to assure that the burden of taxation is borne fairly. The court must stand fast against the unceasing efforts of subsidy-seekers, and against their demands for tax preference and protectionism.[7] We have not defined clearly some unsatisfactory aspects of the practice of law,[8] and with us still is the worrisome problem of legislative conflicts.[9]

I hope that the Supreme Court of Georgia will be seen always as the safest and surest protector of the liberties of the people of Georgia. For so long as the court retains justices of the same high ability and commitment as my colleagues of the past decade,[10] I am confident of the future.

DECIDED JULY 16, 1992.

*Sinnreich & Francisco, John R. Francisco, P. Craig Davis,* for

---

first opinion] (restraining order unwarranted against newspaper's disclosures that might constitute invasion of privacy); *Williamson v. State,* 249 Ga. 851 (295 SE2d 305) (1982) (speech protected against criminal prosecution unless likely to cause breach of peace); *High Country Fashions v. Marlenna Fashions,* 257 Ga. 267 (357 SE2d 576) (1987) (injunction to restrain one company from making allegedly libelous statements against another company vacated as unwarranted prior restraint).

In this realm of private safeguards, we have not addressed yet the important question of whether the state has any warrant to govern the fully consensual sexual conduct of adult persons, including (as the statute would) the conduct of husband and wife. Should consensual sexual acts of husband and wife, for example, be punished by imprisonment in the penitentiary? To ask that question should suffice to answer it — in the negative.

[7] *York Rite Bodies of Freemasonry of Savannah v. Board of Equalization of Chatham County,* 261 Ga. 558 (408 SE2d 699) (1991) (property owned by non-profit institutions not automatically exempt from taxation); *State of Georgia v. Moore,* 259 Ga. 139 (376 SE2d 877) (1989) (absence of rational basis for distinction in length limits for trucks); *Batton-Jackson Oil Co. v. Reeves,* 255 Ga. 480 (340 SE2d 16) (1986) (gasoline distributor cannot be prohibited from selling gasoline to another distributor at wholesale price when that distributor plans to sell gasoline at retail price). See also dissent, *Paramount Pictures Corp. v. Busbee,* 250 Ga. 252, 257 (297 SE2d 250) (1982); and dissent, *Johnson v. Southern Greek Housing Corp.,* 251 Ga. 544, 548 (307 SE2d 491) (1983).

[8] *Jones v. Jones,* 258 Ga. 353 (369 SE2d 478) (1988) (no disqualification based on appearance of impropriety when lawyers who are spouses appear on opposing sides of case); *Georgia State Board of Pharmacy v. Lovvorn,* 255 Ga. 259 (336 SE2d 238) (1985) (plurality opinion indicating no conflict of interest for legislator who is also lawyer to sue state on behalf of private client when no fee charged for legal services).

[9] An example is the case of *Georgia Dept. of Medical Assistance v. Allgood,* 253 Ga. 370 (320 SE2d 155) (1984) (nursing homes and pharmacies owned by legislators or their spouses permitted to receive Medicaid reimbursement from the state, as expressly provided by statute). That opinion did not address constitutional concerns under *Sistrunk,* above, and is one of statutory construction only. It is still a troubling case, upholding (as it does) a troubling piece of legislation.

[10] It has been my privilege to serve with Chief Justices Robert H. Jordan, Harold N. Hill, Jr., Thomas O. Marshall, Harold G. Clarke; with Presiding Justices George T. Smith and Richard Bell; and with Justices Hardy Gregory, Jr., Willis B. Hunt, Jr., Robert Benham, Norman S. Fletcher, and Leah J. Sears-Collins.

410

appellants.

*Robert E. Little, Calder F. Pinkston*, for appellee.