MacNEILL, treasurer, *et al. v.* WOOD *et al.*

No. 14903. JULY 6, 1944. REHEARING DENIED JULY 18, 1944.

*E. Harold Sheats,* for plaintiffs in error.

*Helen Douglas Mankin* and *W. S. Northcutt,* contra.

Duckworth, Justice. On March 24, 1939, the General Assembly proposed an amendment to article 7, section 6, paragraph 2 of the constitution of Georgia, which was ratified at a subsequent general election held on June 6, 1939. The amendment provides: "The General Assembly shall have authority, however, to enact laws authorizing the County of Fulton and the governing authorities of the schools of said county, to create a retirement and pension fund and a system of retirement pay for county employees, and for county school employees, and to levy taxes for that purpose; and to authorize the said county and the said county-school authorities to enact laws, rules and regulations for the qualifications of such employees for benefits from such fund." Ga. L. 1939, p. 39. It will be seen that this amendment provides for a retirement fund and pensions for "county employees" and for "county-school employees," and authorizes the levy of taxes for that purpose. The act approved March 20, 1943 (Ga. L. 1943, p. 995), amends the original Fulton County employees'-pension act of 1939. Section 11 of the amending act repeals section 20 and enacts a new section 20, and provides that employees of the welfare department who elect to do so may obtain the benefits of the act. It is under these provisions of the amendment that the petitioners assert their right to the benefits of the pension act. While section 5 of the amendment requires that contributions of 2½ per cent. of their salaries be made by the county employees to the pension fund, section 8 of the original act requires the commissioners of roads and revenue

of Fulton County to levy and collect taxes and appropriate the same to supplement the pension fund, in an amount "which shall be sufficient at all times to pay any and all pensions which may be granted under . . this act." Thus it is seen that public funds procured by levying and collecting taxes are inseparably mingled with the contributions made by the employees, and hence the constitutional right to pay the benefits under the pension law must be tested by the right of the county to expend public funds for those purposes, despite the contributions made by the employees. The constitu-' tional amendment upon which the law depends specifies county employees and county-school employees as the classes of employees entitled to the benefits of the retirement fund and pensions in the county. Section 11 of the 1943 amendment adds another class, to wit, employees of the county welfare department. Notwithstanding the contributions made by the employees and the elective feature of the law, this additional class is entitled to participate only if it is embraced within the constitutional amendment. The decisive question here presented is whether or not the employees of Fulton County welfare department come within the term "county employees" found in the constitutional amendment. Of course, as pointed out by counsel for the defendant in error, the General Assembly obviously thought that this class was included, since by the amendment it is authorized to participate, but it does not necessarily follow that, when properly construed, the constitution would authorize the inclusion of this class, and if not, then the portion of the amended act which includes it must yield to the constitution and is void.

The Public Welfare Department of the State was created by an act approved February 26, 1937 (Ga. L. 1937, p. 355). It abolished the Board of Welfare created in 1919 (Ga. L. 1919, p. 222), and the Board of Control of Eleemosynary Institutions, transferring the functions of these boards to the Public Welfare Department. It declares that the State Department of Public Welfare is an institution of the State, and provides for the organization of the county departments with county boards, county directors, and county staffs, and for State, county and United States Government contributions or appropriations. Section 2 of the act empowers and authorizes the State Department of Public Welfare "to administer, expend, and disburse funds appropriated to it . . by the General

Assembly of Georgia and by the respective counties of said State and by the United States Government through its appropriate agencies and instrumentalities for the purpose of distributing old-age assistance and all other benefits provided for in this act." It should be noted here that section 2 provides for the expenditure of all funds available under the act by the State department through its agencies and instrumentalities. The act also empowers the State department to prescribe the qualifications and salaries for all employees under the act. Section 6 in part declares that "the State department shall be charged with the administration or supervision of all county-welfare departments of the State" and that it shall "provide services to county governments including the organization and supervision of county-welfare departments for the effective administration of welfare functions, and the compilation of statistics and necessary information relative to public-welfare problems throughout the State." Here we have specific provisions of law which impose the responsibility for the administration of the welfare act, not upon the county-welfare department, but upon the State department, declaring that the State department may use the county department as an instrumentality through which to administer the act within the area embraced within the separate counties. Paragraph 10 of section 6 makes the county departments mere agents of the State department and empowers the State department by rules and regulations to designate the county departments "to serve as agents in the performance of all State welfare activities of the county." As amended in 1941 (Ga. L. 1941, p. 485), the Governor is expressly authorized to suspend and, after a hearing, to remove for good cause existing any member of any county board or any county director of public welfare. We have gone thus into detail into the legislative scheme in the above welfare act as amended because it seems clear that the acts furnish an answer to the question now under consideration as to whether or not the employees of the Fulton County welfare department are Fulton County employees in the terms of the constitution, art. 7, sec. 6, par. 2, as amended. It will have been seen that the law charges the State department with full responsibility for the administration of all the terms of the act of 1937, supra, creating the Public Welfare Department, and provides merely that in the perform-

·ance of this responsibility the State may employ the county departments as agencies of the State department. While the county-department employees render services in the administration of the law within the limits of Fulton County, such services are none the less services to the State. The constitutional amendment here involved recognizes that county-school employees are not properly included in the term "county employees" as there used, since it expressly mentions both. This question has not heretofore been ·decided by this court. In construing a pension act applicable to Richmond County employees, this court, in *Drost* v. *Robinson,* 194 ·*Ga.* 703 (22 S. E. 2d, 475), held that a deputy sheriff was not a county employee under that act. That opinion is authority to the effect that one must qualify as a county employee in order to be entitled to the provisions of the pension fund created for the benefit of employees of the county. In Maskule *v.* State, 3 Wash. 2d, 121 (99 Pac. 2d, 929), the Supreme Court of the State of Washington had for decision the question whether or not county ·employees of the county-welfare department under the act creating the State Department of Social Security were State employees under a State law requiring that State employees employed on a full-time basis for not less than six months should receive compensation of not less than $100 per month. Under the State social-security act, the board of county commissioners served as a board for all matters involving public assistance in their respective counties, and constituted the agency in each county through which all categories of public assistance should be administered. The board of county commissioners were empowered to employ an administrator, the administrator to hold office at the pleasure of the board, and it was held that all employees under the county board were State employees. A contrary ruling was made by the Supreme Court of Colorado, in In re Employees in County Welfare Department, 106 Colo. 475 (106 Pac. 2d, 464), the decision there being in response to a question propounded by the governor as to whether or not employees in the county department of public welfare were State employees in contemplation of the classified civil-service law of that State. The opinion was not unanimous.

There are certain features connected with the employment of the employees of Fulton County welfare department that indicate that they are employees of the county. The county board is selected

by the county commissioners, and all other employees of the department are selected by the county board. The county appropriates money with which to pay the salaries, and the county department administers all county pauper relief. But, on the other hand, standards for qualification and salaries of the employees of the county department are fixed by the State department, and the county director is employed with the consent of the State department. The State department reimburses the county for 95 per cent. of the funds appropriated by it for the payment of expenses and grants. Thus, it might be said that the employees of the county department are neither county nor State employees, but are employees of both the State and the county departments. In that event, however, they would not qualify under the constitutional amendment for participation in the Fulton County pension law, for they would not be county employees. It follows that the provision of the act approved March 3, 1939 (Ga. L. 1939, p. 571), as amended by the 1943 act, which authorizes pensions to employees of the department of public welfare of Fulton County offends art. 7, sec. 6, par. 2 (Code, § 2-5402) of the constitution, and the court erred in overruling the demurrer raising this question. The subsequent proceedings and judgment were nugatory.

*Judgment reversed. All the Justices concur.*