CIVIL SERVICE BOARD OF FULTON COUNTY *et al. v.*
MacNEILL, Treasurer, *et al.*

No. 15556.  OCTOBER 10, 1946.  REHEARING DENIED NOVEMBER 16, 1946.

*Harold Sheats,* for plaintiffs in error.

*William G. Grant,* contra.

HEAD, Justice. (After stating the foregoing facts.) ■ We treat this case as a petition in equity for interpleader. "'Before an officer can be required to pay out public money, or be justified in doing so, those who demand its payment should be able to show a clear provision of the law which entitles them to receive it.'" *Freeney* v. *Geoghegan,* 177 *Ga.* 142 (169 S. E. 882). In this case the claimants to public moneys, Yancey and McFall, rely upon the Code, § 27-2703, for their appointment and claim of salary. Such section reads in part as follows: "The grand jury of any county may recommend to the judge of its superior court that he appoint a county probation officer, and such assistants as may be deemed necessary, who shall have supervision and oversight of all probationers from the several courts of criminal jurisdiction in the county, and it shall be the duty of the judge to appoint such person or persons as seem best qualified for the duties devolving upon a probation officer, to serve during the pleasure of the court making the appointment, and to fix the salary, which shall be paid out of the county treasury, as part of the court expenses." A copy of the order of appointment, attached to the petition, recites that a recommendation has been made by the grand jury, and this recital in the order is nowhere disputed by the plaintiffs in error. The order further recites that a competitive merit examination has been held by a board of examiners, that an eligible list has been

transmitted by the examiners, and that the judges have decided to appoint those two who in the opinion of the examiners are best qualified. Edwin F. Yancey Jr. and Frank A. McFall were then appointed, at a stated salary, to begin December 10, 1945. The order of appointment was signed by the six Judges of the Superior Court of Fulton County (Atlanta Judicial Circuit). In the absence of any conflict in the law, it would appear that the appointees named were duly and legally appointed, and that the Treasurer of Fulton County should pay their salaries as fixed in the order of appointment. The plaintiffs in error contend, however, that the appointees named have not complied with the regulations of the Civil Service Board of Fulton County, that their appointments are therefore invalid, and that the Treasurer of said county should not pay any salary to them. Yancey and McFall admit that they have not complied with said regulations, but say that these have no application to them for reasons stated in their response. The first question for determination here is whether or not the regulations referred to apply to the appointees.

The constitutional amendment relied upon for the establishment of a Civil Service Board for Fulton County was approved March 24, 1939 (Ga. L. 1939, pp. 36-39). This amendment provides in part as follows: "The General Assembly shall have the authority, however, to enact laws creating a Civil Service Commission and establishing a Civil Service System and/or Merit System for county employees and employees and deputies of county officers of Fulton County, including deputies and employees of the Sheriff, Tax Collector, Tax Receiver, Treasurer, Clerk of the Superior Court, and Ordinary of said county, and in connection therewith to define and prescribe the powers and duties of such Civil Service Commission and such employees and deputies," etc. The amendment as proposed was duly ratified. Thereafter, by an act approved March 15, 1943 (Ga. L. 1943, pp. 971-993), the General Assembly did create a Civil Service Board in Fulton County and defined their powers and duties. Under this act employees of Fulton County are divided into two groups. Those placed in "Unclassified Service" are not under the provisions of the act. The act provides that: "The Classified Service shall include all other public officers and employees in the employ of Fulton County now or hereafter employed, including deputies and employees in the

office of the Clerk of the Superior Court, Sheriff, Tax Collector, Tax Receiver, Ordinary, Treasurer, Civil Court of Fulton County, *Criminal Court of Fulton County*, Tax Assessors, Juvenile Court, *Adult Probation Office*," etc.    (Italics ours.)

Thus it will be observed that the act of 1943 (Ga. L. 1943, pp. 971-993) goes beyond the constitutional amendment of 1939 (Ga. L. 1939, p. 36), and undertakes to place in the "Classified Service" employees of the *"Criminal Court of Fulton County"* and *"Adult Probation Office."*    Such inclusion is unwarranted, unauthorized, and void, unless it should be determined that probation officers appointed by the judges of the superior courts of this State are, in fact, county employees, or the employees or deputies of a county officer.    In art. 11, sec. 2, par. 1 of the Constitution of 1945, it is provided that "county officers shall be elected by the qualified voters of their respective counties or districts, and shall hold their office for four years."    This identical provision was contained in the Constitution of 1877.    Under such provision of the Constitution of 1877 it was held, in *Andrews* v. *Butts County,* 29 *Ga. App.* 302 (114 S. E. 912), that a county registrar is not a county officer within such constitutional provision; and in *Barnes* v. *Watson,* 148 *Ga.* 822 (4) (98 S. E. 500), this court held that county tax assessors are not county officers.

In *MacNeill* v. *Wood,* 198 *Ga.* 150 (31 S. E. 2d, 14), this court held that employees of the Fulton County Welfare Department are not employees of Fulton County in contemplation of the Constitution, as amended by the act of 1939, approved March 24, 1939 (Ga. L. 1939, p. 39), and ratified on June 5, 1939, which latter constitutional amendment was for the purpose of creating a retirement and pension fund for county employees.    In *Drost* v. *Robinson,* 194 *Ga.* 703 (22 S. E. 2d, 475), it was held that a deputy sheriff was not a county employee under a pension act applicable to Richmond County employees. While, under the constitutional amendment providing a Civil Service System for Fulton County (Ga. L. 1939, p. 36), "deputies and employees of the Sheriff" are specifically included, such deputy sheriffs would not be included, under the rulings in *Drost* v. *Robinson,* supra, merely as a "county employee."

County registrars and county tax assessors, although not county officers, discharge duties essential to the operation of county gov-

ernment. In fact, their sole duties are a part of the governmental functions delegated to the counties of this State. In the present case, the assistant probation officers appointed by the Judges of the Superior Court of Fulton County under the Code, § 27-2703, have no duty to perform that has been made a part of county government. Their sole duties are connected with the operation of the criminal courts, in that they have supervision of persons placed on probation. They are answerable only to the court making the appointment, and serve at the pleasure of such court. Such persons are not county officers, nor are they county employees. All county officers and employees have duties to perform that relate to powers delegated to the counties. The writer does not infer, however, that employees discharging duties related to powers delegated to the counties are necessarily county employees. I concur fully in *MacNeill* v. *Wood,* supra, where Mr. Justice Duckworth for the court stated in part as follows: "There are certain features connected with the employment of the employees of the Fulton County Welfare Department that indicate that they are employees of the county. The county board [of public welfare] is selected by the county commissioners, and all other employees of the department are selected by the county board. The county appropriates money with which to pay the salaries, and the county department administers all county pauper relief. But, on the other hand, standards for qualification and salaries of the employees of the county department are fixed by the State department, and the county director is employed with the consent of the State department." It was held that such employees did not come within the provisions of the act providing pensions for employees of Fulton County. Probation officers and assistants appointed under the provisions of the Code, § 27-2703, have no duty related to any power delegated to the counties. They can be paid only from tax funds raised to operate the courts. Probation officers and assistant probation officers are not included in the term "county employees."

Such probation officers and assistant probation officers not being county employees, and not having been included in the constitutional amendment authorizing a Civil Service Board for Fulton County (Ga. L. 1939, p. 36), so much of the act creating the Civil Service Board of Fulton County (Ga. L. 1943, p. 971) as under-

takes to include probation officers and assistant probation officers within its terms and provisions is unconstitutional and void as being without any constitutional authority, and in violation of art. 1, sec. 4, par. 1 of the Constitutions of 1877 and 1945.

The act approved March 8, 1945 (Ga. L. 1945, p. 1009), seeks to amend the Code, § 27-2703, by providing that in all counties having a population of 200,000 or more, in which the General Assembly has created a Civil Service System for county employees, any probation officer; or assistant probation officer, shall qualify in accordance with the provisions of such civil service statute. Having held that the Civil Service System created by the act approved March 15, 1943 (Ga. L. 1943, p. 971), does not apply to probation officers and assistant probation officers, for the reason that they were not included in the amendment of 1939 to the Constitution (Ga. L. 1939, p. 36), the act of 1945 is ineffective and inoperative, there being no civil service system applicable to such officers in such counties. As to whether or not such act (Ga. L. 1945, p. 1009) would be constitutional if there were a civil service system applicable to probation officers and assistant probation officers in counties of 200,000 or more in population, is not here decided. By reason of its own limitations, the act of 1945 can not have any application to the respondents, Yancey and McFall, in the present case.

■ Under the above rulings, it does not appear that the appointees, Yancey and McFall, are, or can be, in any wise affected by their contention that the Constitution of 1945 repealed the amendment of 1939 (Ga. L. 1939, p. 36). Such amendment is not applicable to them; nor would their employment as assistant probation officers be controlled by the judgment sought to be invoked. This court will not consider or pass upon any constitutional question made by parties whose rights it does not affect. *Webb* v. *Atlanta*, 186 *Ga.* 430 (198 S. E. 50). The trial court properly held that Yancey and McFall were duly and regularly appointed assistant probation officers and entitled to their salary as fixed by the appointing judges.

*Judgment affirmed. All the Justices concur.*