S91A0135. STEPHENSON v. BOARD OF COMMISSIONERS OF COBB COUNTY et al.
(405 SE2d 488)

BELL, Justice.

Appellant Stephenson is the Clerk of Superior Court of Cobb County. In January 1989 Stephenson employed an attorney to defend him in an inmate's mandamus action. The attorney was not one of the attorneys hired by the Cobb County Board of Commissioners (hereafter, the board) to do county work. Stephenson later sought reimbursement from the board for the attorney fees. The board refused to pay the fees on the ground Stephenson did not have the authority

---

to hire legal counsel for the clerk's office. The board maintained that only it had the power to contract for an attorney's services. Stephenson then filed a mandamus action against the board to compel the board to pay the attorney fees. The superior court denied Stephenson's mandamus petition, and Stephenson has now filed this appeal. We affirm.

1. Stephenson and the board agree that Stephenson must defend lawsuits filed against his office, and that he must have an attorney to do so. Both parties claim the exclusive power to employ such counsel. In this regard, we must decide whether either party has that power pursuant to an express or implicit grant from the legislature, and whether Stephenson has the power pursuant to the inherent power of the courts. If the board has the exclusive power to employ counsel for Stephenson, the issue becomes whether the board's exercise of that power violates the 1983 Ga. Const., Art. IX, Sec. II, Par. I (c) (1) or (7), which preclude the board from exercising any power in a manner affecting "any elective county office," id., Par. I (c) (1), or "any court or the personnel thereof," id., Par. I (c) (7). We conclude that the legislature has granted the board the implicit and exclusive power to employ counsel for county officers and that the exercise of that power in this case does not violate Art. IX, Sec. II, Par. I (c) (1) or (7).

2. We will first address whether Stephenson has the power to employ counsel to represent his office, pursuant to either an express or implicit grant from the legislature or pursuant to the inherent power of the courts.

(a) Regarding legislative grants of power, we begin with the rule that neither the counties of this state nor their officers have the power to do any act, make any contract, or incur any liability not expressly authorized by a legislative grant of power or necessarily implied from an express legislative grant of power. *Mobley v. Polk County*, 242 Ga. 798, 801 (1) (251 SE2d 538) (1979); *DeKalb County v. Atlanta Gas Light Co.*, 228 Ga. 512, 513 (2) (186 SE2d 732) (1972). The General Assembly has not expressly granted clerks of superior court the power to hire attorneys, see OCGA §§ 15-6-60 and 61, and we can find no legislative grant of power from which it is necessarily implied that clerks have the power to contract for the services of an attorney.

(b) Moreover, we find no merit to Stephenson's argument that clerks of court have inherent judicial power and that under this power clerks can employ counsel to assist them in the administration of justice. Inherent judicial power is vested in the courts of this state and not in the clerk's offices thereof. See *Grimsley v. Twiggs County*, 249 Ga. 632, 634 (292 SE2d 675) (1982) (superior courts have inherent power to order payment of public funds for compelling need essential to administration of justice).

3. Having determined that Stephenson has neither the express,

implicit, nor inherent power to employ counsel, we turn to whether the legislature has either expressly or implicitly granted the board the power to employ counsel to represent county officers.

A county governing authority does not have the express authority to hire attorneys under either the 1983 Georgia Constitution, see Art. IX, Sec. II, Par. I (a, b) and Par. III, or under statutory law, see OCGA § 36-5-22.1. However, a county governing authority has the power to undertake to defend its employees and its elected or appointed officers in litigation arising out of the performance of their duties. OCGA § 45-9-21. Here, the board has adopted such an undertaking for Cobb County. Moreover, the General Assembly has given the board the exclusive power to incur indebtedness and to authorize contracts and purchases. Ga. L. 1964, Ex. Sess., pp. 2075, 2081, § 11. Further, we have held that the legislative grant of authority to control the fiscal affairs of a county carries with it the implicit power to employ counsel. Stewart v. Davis, 210 Ga. 278 (1) (79 SE2d 535) (1954); Templeman v. Jeffries, 172 Ga. 895, 899 (159 SE 248) (1931).

Because the board has the exclusive authority to control the fiscal affairs of the county and has the power to defend county officers, we conclude the board has the implicit power to employ counsel for county officers. Moreover, because Stephenson lacks any power to employ counsel, the board's power is an exclusive power in the instant case.

4. Next, we address Stephenson's argument that the board's selection of counsel to represent his office violates Art. IX, Sec. II, Par. I (c) (1) and (7), which provide that county governing authorities may not take any action "affecting any elective county office, . . . or the personnel thereof," id., Par. I (c) (1), or "affecting any court or the personnel thereof," id., Par. I (c) (7). In the instant case, we find that the board's employment of counsel to represent Stephenson does not violate the foregoing constitutional provisions.[1]

First, we conclude that a county governing authority could "affect" the personnel of an elective county office or court by naming the personnel of that office. Here, we find the board is not "affecting" the clerk's office in this sense by employing counsel to represent the clerk, as the attorney is not part of the clerk's staff.

Moreover, we conclude that an action of a county governing authority could "affect" an elective county office or a court or the personnel of either if that action negatively impacted on the ability of the elective county officer or court or the personnel thereof to perform their jobs. See generally Price v. Fulton County Comm., 170 Ga. App.

---

[1] However, there may be some instances in which a superior court might exercise its inherent power to require the payment of attorney fees for the clerk of superior court when separation of powers considerations demand it.

736, 737-738 (1) (318 SE2d 153) (1984). We find no such impermissible "effect" in the instant case. The board's employment of counsel does not by itself negatively impact on the ability of Stephenson or his personnel to carry out their duties. Further, we disagree with Stephenson's argument that the particular attorney employed by the board has a conflict of interest in representing Stephenson and that to permit the board to select his attorney under these circumstances would negatively impact on his ability to perform his responsibilities. This argument fails because Stephenson did not demonstrate a conflict of interest that would have prohibited the attorney employed by the board from representing him in the inmate's mandamus action.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 3, 1991.

*Robert L. Beard, Jr.,* for appellant.

*Barnes, Browning, Tanksley & Casurella, W. Grady Pedrick, Cauthorn & Phillips, Thomas E. Cauthorn III, B. Wayne Phillips,* for appellees.