A91A1001. FLOYD v. CHAFFIN et al.
(411 SE2d 570)

SOGNIER, Chief Judge.

David Floyd, a deputy sheriff of Henry County, brought suit against Donald Chaffin, individually and as Sheriff of Henry County, the Henry County Board of Commissioners, individually and in their official capacities, and Henry County, alleging his demotion and suspension without pay for ten days violated his state and federal due process rights. Floyd also asserted a claim for intentional infliction of emotional distress. The trial court granted the defendants' motion for summary judgment, and Floyd appeals.

1. We find no error in the trial court's grant of summary judgment in favor of appellees Henry County and its Board of Commissioners (hereinafter "Henry County") and the denial of appellant's motion to compel Henry County to respond to discovery. The record establishes that at no time since the effective date of OCGA § 36-1-21, Ga. L. 1986, p. 764, § 1, has Henry County enacted an ordinance or resolution pursuant to OCGA § 36-1-21 (b) providing that employees of the Henry County Sheriff, an elected official, could be subject to the Henry County civil service system. See generally *Burbridge v. Hensley*, 194 Ga. App. 523 (391 SE2d 5) (1990). We do not agree with appellant that under the law that existed prior to the enactment of OCGA § 36-1-21, see *Pettus v. Smith*, 174 Ga. App. 587, 588 (2) (330

SE2d 735) (1985); *Keener v. Kimble*, 170 Ga. App. 674, 675 (1) (317 SE2d 900) (1984); *Drost v. Robinson*, 194 Ga. 703, 710-711 (3) (22 SE2d 475) (1942), any attempt by Henry County and Sheriff Chaffin to make Sheriff's Department employees subject to the Henry County civil service system was valid. Accordingly, appellant was an employee of the Henry County Sheriff, not a Henry County employee, and thus cannot rely upon the disciplinary procedures set forth in Henry County's employee policy manual. Since Henry County was not a proper party, it follows that the trial court did not err by denying appellant's motion to compel Henry County to respond to his discovery motions.

2. Appellant contends that with regard to his claim of damages for violation of his procedural due process rights, the trial court erred by granting summary judgment to appellee Chaffin. The record reveals that on August 1, 1989, appellant was notified in writing by Captain Kenny Lee Smith, Chief of Detectives, that a hearing had been scheduled to hear evidence concerning a report alleging that appellant had violated the Henry County Sheriff's Department Rules of Conduct and Discipline Section 1.53: Wrongful Arrest, Search and Seizure based on appellant's entry of a suspect's home on June 14, 1989 without a search warrant. The writing informed appellant that he had the right to present testimony, evidence, and witnesses in his behalf and to cross-examine any complaining witnesses at the hearing. The parties agree that Section 1.53 provided that "[d]eputies shall not make any arrest, search, or seizure which they know or should know is not in accordance with law and departmental procedures."

At the date specified on the notice, a hearing was held before the disciplinary review board ("board") composed of five officers, including Captain Smith, who did not vote, two uncertified officers, and two certified officers, including one chosen by appellant. A transcript of the tape-recorded hearing reveals that the board heard testimony by the owners of the residence entered by the officers as well as statements made by appellant and the other officer, and that appellant was allowed to question the witnesses. In appellees' statement of undisputed material facts it was alleged that the board's decision was unanimous. That decision, set forth in the violation report, reflects that the board determined that appellant had violated Section 1.53 and recommended demotion. Although appellant had not been notified of any other charges, the board also found appellant had violated two other minor rules of conduct and recommended a five day suspension without pay for each of the two minor violations. The board's recommendation was then forwarded to Chief Deputy James Chaffin. In his affidavit, Chief Deputy Chaffin averred that he was not bound to follow or apply the board's recommendation, but makes an inde-

pendent assessment of each case. Based upon his review of the investigation of appellant, he averred that he decided to demote appellant, but that because it appeared appellant had not received notice of the two minor charges, he disregarded the board's finding on those violations and based the disciplinary action solely on the Section 1.53 violation. Chief Deputy Chaffin's decision is now uncontrovertedly part of appellant's permanent record.

We need not address the issue whether certain language in the Sheriff's Standard Operating Procedures regarding dismissals for cause gave appellant a property interest in his job sufficient to invoke minimum due process protection because appellee Chaffin concedes for purposes of this appeal alone the finding of the trial court that it did. We find no error in the trial court's grant of summary judgment in favor of appellee Chaffin on appellant's claim of violation of his procedural due process rights. The evidence was uncontroverted that appellant received notice of the charge against him and was afforded a full predeprivation evidentiary hearing, which accorded him all the procedural safeguards to which the state and federal constitutions entitled him. See *Nix v. Hardison*, 712 FSupp. 185, 189 (3) (N.D. Ga. 1989).

Next, although the record reveals that appellant was not notified of the two charges for violating rules for which the board recommended he be suspended without pay, the record does not support appellant's contention that Chief Deputy Chaffin authorized disciplinary action for those infractions. Compare *Sheppard v. DeKalb County &c. Council*, 144 Ga. App. 115, 116 (2) (240 SE2d 316) (1977). The violation report cited by appellant as evidence that the chief deputy did authorize the suspension based on the two minor charges does not require a contrary conclusion, as that document reveals on its face that the disciplinary actions set forth by the board were only recommendations, and the chief deputy's signature thereon merely reflected that the chief deputy counselled appellant concerning the offenses and showed appellant a copy of the document.

We do not agree with appellant that Captain Smith's position as chief investigator of the matter and chairman of the disciplinary review board constituted a denial of appellant's due process rights under *Brownlee v. Williams*, 233 Ga. 548, 555-556 (3) (212 SE2d 359) (1975). The record is uncontroverted that Smith did not participate when the board voted to recommend that appellant be demoted and suspended without pay for ten days. While the transcript of the hearing does not show bias or prejudice sufficient to result in a denial of due process to appellant, see *RTC Transp. v. Ga. Public Svc. Comm.*, 165 Ga. App. 539, 542 (4) (301 SE2d 896) (1983), there was no transcript of the board's deliberations to indicate what position, if any, Captain Smith assumed therein. "The [U. S.] Supreme Court has in-

deed expressed the need for an impartial decision-maker in order to satisfy the due process requirements of a hearing. [Cits.] These decisions involved judges whose alleged lack of impartiality was the result of a financial conflict of interest. If instead the alleged lack of impartiality arises because a decision-maker is involved in both the investigation and the adjudication of a dispute, the Court has held that the decision-maker may not be presumed to be unconstitutionally biased. [Cit.] Rather, the plaintiff must overcome the presumption that the decision-maker is '(a person) of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances.' [Cit.] [Appellant] has not offered any evidence that [Captain Smith] failed to meet this standard; therefore this argument must fail. [Cits.]" *Panozzo v. Rhoads*, 905 F2d 135, 140 (III) (7th Cir. 1990).

Finally, appellant argues that his procedural due process rights were violated because the hearing was not conducted in accordance with the Sheriff's Department rules of procedure in that the board was not composed of five certified police officers. We find no merit in this argument because no copy of the Sheriff's Department rules is contained in the record to establish that the composition of the board violated any written procedure, and there is no evidence to rebut statements in appellee Chaffin's deposition indicating that the board is appointed at the Sheriff's discretion rather than pursuant to any written policy.

3. We find no error in the trial court's grant of summary judgment to appellee Chaffin on appellant's claims of violation of his substantive due process rights and intentional infliction of emotional distress. The personnel action taken by appellee was not such to shock the conscience or offend hardened sensibilities so as to violate substantive due process rights, see *Henderson v. Sherrington*, 189 Ga. App. 498, 499-500 (3) (376 SE2d 397) (1988), nor did it constitute the kind of egregious conduct necessary to state a claim for intentional infliction of emotional distress. Id. at 498-499 (1); *Southern General Ins. Co. v. Holt*, 200 Ga. App. 759 (5) (409 SE2d 852) (1991).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 23, 1991.

*Johnnie L. Caldwell, Jr.*, for appellant.
*Barnhart, O'Quinn & Williams, Michael O'Quinn*, for appellees.