S95A0135, S95X0136. GWINNETT COUNTY et al. v. YATES;
and vice versa.
(458 SE2d 791)

HUNT, Chief Justice.

This case presents the issue of whether the Clerk of the Gwinnett County Superior Court is subject to the Gwinnett County Merit System. We hold that he is not.

In 1969, pursuant to constitutional authorization, the General Assembly adopted legislation creating the Gwinnett County Merit System. In December 1992, Gary Yates, Clerk of the Superior Court of Gwinnett County, discharged a deputy clerk. The deputy clerk filed an appeal with the Merit Board, and an attorney from the Gwinnett County law department was appointed to represent Yates in that appeal. Yates requested that the county attorney assert in his defense that the Merit Board had no authority to infringe upon his rights and responsibilities as Clerk of the Superior Court. The county attorney disagreed with Yates's position and refused to assert that defense. Yates obtained private counsel and filed a declaratory judgment action seeking direction from the court as to whether deputy clerks of the Superior Court of Gwinnett County are subject to the county's merit system. Gwinnett County filed motions to join the deputy clerks as necessary parties and to dismiss Yates's petition on the ground that there was no actual controversy between the parties.

The court entered an order denying both motions but granted a certificate of immediate review; the Court of Appeals, however, denied Yates's application for interlocutory appeal. Subsequently, Yates

filed a motion for attorney fees, and both parties filed motions for summary judgment. The superior court found that under Georgia law the power of a clerk of the superior court to choose, hire and discharge deputy clerks cannot be taken away from the duly elected clerk except by statute specifically taking that action; that the power of the clerk of the superior court to hire and discharge is not superseded by the county's merit system because that legislation does not specifically withdraw employment/discharge authority from the clerk; and that there was no basis for ordering the county to pay Yates's attorney fees because the case does not present a separation of powers dispute. The county appeals the denial of its motion for summary judgment, and Yates appeals that part of the order denying his request for attorney fees.

1. Our resolution of the principal issue in this case depends on whether Gwinnett County effectively brought employees of the Clerk of the Superior Court under the coverage of its merit system either through specific legislation passed pursuant to a constitutional amendment or by following the procedure set forth in OCGA § 36-1-21.

a. The Constitutional Amendment

In 1968, the General Assembly passed a constitutional amendment authorizing it to provide by law for a "Merit System for any or all present and future employees of Gwinnett County other than elected officials."[1] Pursuant to the constitutional authorization, the General Assembly adopted legislation creating the Gwinnett County Merit System.[2] Under the merit system act, employees in the classified service, which covered "all appointed offices and positions of trust or employment in the service of Gwinnett County, except those placed in the unclassified service" by the act, were included in the system. Though the language of both the constitutional amendment and the merit system act appears broad in its coverage of employees, an examination of similar legislation reveals that in legislation regarding merit systems, the General Assembly observed a distinction between employees of a county and employees of the elected officials of the county.[3] Given this distinction, the language employed in the con-

---

[1] Ga. L. 1968, p. 1884.

[2] Ga. L. 1969, p. 3051.

[3] Particularly significant for the purposes of our analysis is the legislation connected with the creation of the Floyd County Merit System. In language identical to the language of the constitutional amendment authorizing creation of the Gwinnett County Merit System, a constitutional amendment authorized the General Assembly to create a merit system for "any or all present and future employees of Floyd County other than elected officials." Ga. L. 1967, p. 930. As with the Gwinnett County Merit System Act, the Floyd County act provided that, with certain exceptions similar to those set forth in the Gwinnett act, all employees of the county would be covered. Yet, despite this apparently broad coverage and the fact that employees of the superior court clerk other than the chief deputy clerk were not listed among

stitutional amendment authorizing the creation of the Gwinnett County Merit System was insufficient to bring employees of the Clerk of the Superior Court within its coverage.

b. OCGA § 36-1-21.

Though Gwinnett County did not effect merit system coverage of the employees of elected officials through constitutional authorization, those employees could, nevertheless, be included in the merit system by statute. The power of the General Assembly to authorize by general law the creation of county civil service systems was made part of the 1983 Georgia Constitution. Article IX, Sec. I, Par. IV, which preserves the distinction between county employees and the employees of elected officials, provides that the General Assembly may authorize the establishment of civil service systems by county governments "covering county employees or county employees and employees of elected county officials." The legislature again preserved this distinction between county employees and employees of elected county officials with the passage in 1986 of OCGA § 36-1-21. That statute provides that

[s]ubsequent to the creation of a civil service system, the county governing authority which created the system *may provide by ordinance or resolution* that positions of employ-

---

exceptions to coverage, the act was amended by the General Assembly in 1968 "so as to include certain employees of . . . the office of the clerk of the superior court of Floyd County." Ga. L. 1968, p. 3400. This amendment was introduced in the legislature in the same year in which the constitutional amendment authorizing the creation of the Gwinnett County Merit System was introduced. The fact that the General Assembly, which passed the original bill authorizing the Floyd County Merit System and which is presumed to know the coverage of its own legislation, found it necessary to amend the original Floyd County legislation so as to specifically include, among others, employees of the superior court clerk lends support to the contention that the Gwinnett County legislation, contemporaneous with and virtually identical to that concerning Floyd County, did not include employees of elected officials in the merit system.

See also Ga. L. 1939, p. 36 (constitutional amendment authorizing creation of the Fulton County Civil Service authorized the General Assembly to create a merit system "for county employees *and* employees and deputies of county officers of Fulton County, including deputies and employees of the . . . Clerk of the Superior Court." (emphasis supplied); Ga. L. 1949, p. 2137 (constitutional amendment authorized the General Assembly to create a "merit system for employees of DeKalb County *and* for employees and deputies of" DeKalb County officers (emphasis supplied); however, the subsequent act authorizing the establishment of the merit system "for employees of DeKalb County" specifically exempted, among other employees of elected officials, "deputies of the clerk of the superior court." Ga. L. 1956, p. 3111); Ga. L. 1980, p. 2305 (1980 amendment to the constitution authorized the creation of a merit system "for employees of Clarke County paid in whole or in part by county funds, other than elected and certain appointed officials"; but, even after creation of the merit system, coverage of that system could be extended to positions of employment within departments subject to the jurisdiction of elected officers only after those persons having the power to hire or terminate within those departments made written application for coverage and the county board of commissioners provided for such coverage by ordinance or resolution. Ga. L. 1980, p. 2305 (1). Cf. OCGA § 36-1-21 (b), discussed infra).

ment within departments subject to the jurisdiction of elected county officers or subject to the jurisdiction of other commissions, boards, or bodies of the county shall be subject to and covered by the civil service system *upon written application of the elected county officer, commission, board, or body having the power of appointment, employment, or removal of employees of the officer, department, commission, board, or body.* Once positions of employment are made subject to the civil service system, such positions shall not be removed thereafter from the coverage of the civil service system.

(Emphasis supplied.) OCGA § 36-1-21 (b). In short, the foregoing mandates that even if a county creates a merit system for employees of the county, the system does not cover the employees of elected officials until the elected official has sought coverage for his employees by "written application" and the county governing authority has passed an appropriate ordinance or resolution.[4]

Finally, we note that Art. IX, Sec. II, Par. I (c) of the Georgia Constitution dealing with home rule for counties states that the power granted to counties does not extend to:

(1) Action affecting any elective county office, the salaries thereof, or the personnel thereof, except the personnel subject to the jurisdiction of the county governing authority.
. . .

---

[4] Recent cases decided by the Court of Appeals illustrate the necessity of following the procedure outlined in OCGA § 36-1-21 (b). In *Burbridge v. Hensley*, 194 Ga. App. 523 (391 SE2d 5) (1990), the court found that a sheriff who had discharged one of his employees was not subject to the county's civil service commission because, even though the county had lawfully enacted an ordinance creating a civil service system, the county had failed to enact a second resolution or ordinance pursuant to OCGA § 36-1-21 (b) which provided that employees of elected officials would be covered. In *Floyd v. Chaffin*, 201 Ga. App. 597 (411 SE2d 570) (1991), the Court of Appeals affirmed the trial court's grant of summary judgment to a sheriff who asserted that he was not subject to the county civil service system. Again, this holding was based on the fact that the county had not, as required by OCGA § 36-1-21 (b), passed a resolution or ordinance providing that employees of the elected officials would be covered by the system. The court went on to say that under the law that existed prior to the enactment of OCGA § 36-1-21, any attempt by the county and the elected official to make the employees of a department subject to the civil service system would have been invalid. In other words, unless legislation passed by the Georgia General Assembly prior to the effective date of OCGA § 36-1-21 specifically provided that employees of elected officials were covered by a merit system, no subsequent action of the county would have validly extended coverage to those employees.

Gwinnett County cites *Wayne County v. Herrin*, 210 Ga. App. 747 (437 SE2d 793) (1993), as support for its position. *Herrin* is inapplicable since in that case the court specifically found that the "Board and [the sheriff] fully complied with all requirements set forth in OCGA § 36-1-21 (b) necessary to bring employees of the sheriff's office within the personnel system." 210 Ga. App. at 750.

(7) Action affecting any court or the personnel thereof.

Reading this paragraph in harmony with OCGA § 36-1-21 and in light of the central issue in this appeal, we interpret this to mean that a county merit board can take no action affecting the clerk of the superior court and his employees unless, pursuant to OCGA § 36-1-21 (b), the clerk of the superior court has asked that his office be subject to the merit system and the county has provided for such coverage through an appropriate resolution or ordinance.

Nothing in the original legislation authorizing the creation of the Gwinnett County Merit System specifically provided that employees of elected officials would be covered by the system along with the employees of the county. Likewise, it does not appear that, subsequent to the passage of OCGA § 36-1-21, the superior court clerk requested that his employees be covered by the merit system,[5] or that the Gwinnett County governing authority provided for such coverage by ordinance or resolution. Accordingly, we are compelled to hold that the Clerk of the Superior Court of Gwinnett County is not subject to the Gwinnett County Merit System.[6]

2. Yates appeals the trial court's decision that there was no basis for ordering Gwinnett County to pay his attorney fees. Yates was forced to hire private counsel after an attorney for the county refused to argue his position that he was not subject to the county merit board. We hold that where, as here, an official, acting in his official capacity, is required to hire outside counsel to assert a legal position the local government attorney cannot (because of a conflict in representing the local government) or will not assert, and the official is successful in asserting his or her position, the local government must pay the official's attorney fees. This is not because of any bad faith or

---

[5] The County does not argue that Yates, by permitting his employees to be covered, *impliedly* has requested coverage, nor does it argue he is, thereby, estopped to assert non-coverage.

[6] Any holding to the contrary, including that of the trial court in *Henderson v. Sherrington*, Civil Action No. 88-A-1214-2, Superior Court of Gwinnett County, affirmed without opinion by Rule 59 at 256 Ga. XXVIII (1986), is disapproved. We note also that a Rule 59 decision has no precedential value.

Our holding does not mean, as the county suggests, that the superior court clerk's power to hire and fire is unfettered. The clerk is prohibited by both federal and state law from basing hiring and firing decisions on improper criteria. Further, OCGA § 36-1-21 (b) provides that "[o]nce positions of employment are made subject to the civil service system, such positions shall not be removed thereafter from the coverage of the civil service system." Thus, should a clerk of the Gwinnett County Superior Court decide to apply for merit system coverage for his employees and the governing authority make proper provision through ordinance or resolution for such coverage, subsequent clerks of the superior court will be subject to the merit system.

Further, our holding in this opinion should not be read to preclude employees of elected county officials, including employees of the Superior Court clerk's office, from asserting any rights that may have accrued by virtue of their association with the County merit system.

improper conduct on the part of the local government, in this case, the county. Rather, attorney fees in this instance are simply an expense of government operation. A local government may, as the county in this case could have, retain independent counsel for the official. However, having chosen not to do so, and because Yates was successful on his legal claim that his office was not subject to the Gwinnett County Merit System, the county must pay Yates' reasonable attorney fees.[7] Our holding in *Stephenson v. Bd. of Commrs.*, 261 Ga. 399 (405 SE2d 488) (1991), that a clerk of the superior court does not have authority to retain counsel for the clerk's office because that authority rests only in the county governing authority, does not apply here, where the county would not retain counsel to assert the legal position on which the clerk prevailed.

Accordingly, we remand this case to the trial court for an assessment of attorney fees in favor of Yates and against Gwinnett County, in accordance with this opinion.[8]

3. The remaining enumerations of error regarding joinder and failure to state an actual controversy are without merit.

*Judgment affirmed in Case No. S95A0135 and reversed and remanded in Case No. S95X0136. All the Justices concur, except Benham, P. J., who dissents.*

BENHAM, Presiding Justice, dissenting.

The issue in Case No. S95A0135 is whether the constitutional amendment authorizing legislation creating a merit system for Gwinnett County employees extends merit system coverage to a deputy clerk appointed and then discharged by the Clerk of the Superior Court of Gwinnett County. The issue in Case No. S95X0136 is whether the county is responsible for the attorney fees incurred by the superior court clerk in pursuing this declaratory judgment action with private counsel. The majority concludes that not a single employee of the superior court clerk qualifies as a county employee cov-

---

[7] Of course the trial court's determination of the amount of reasonable attorney fees should include all relevant factors, including the extent of the County's reliance on *Henderson v. Sherrington*, supra, n. 6, as well as the point suggested in the third division of the dissent, i.e., that the merit system appeals process was resolved in the clerk's favor prior to the conclusion of the declaratory judgment action.

[8] With this opinion I conclude 24 happy years of service in the state judiciary. Following the precedent set by two of my predecessors, Justices Hall and Weltner, see *Grantham v. State*, 244 Ga. 775, 776 (262 SE2d 777) (1979) (Hall, J., concurring); *Davis v. City of Macon*, 262 Ga. 407 (421 SE2d 278) (1992) (Weltner, C. J., concurring), I take this opportunity to thank my long suffering law clerks, my colleagues on the appellate courts, those on all tiers of the trial courts, our clerks of court, sheriff, tax commissioners and other constitutional officers for their service to the state and for making my work so pleasant. They have, and will, continue to serve the citizens of our state tirelessly and selflessly. They exemplify Carlyle's thesis: sic vos non vobis. Thomas Carlyle, Sartor Resartus.

ered by the merit system, and holds that the county must pay the clerk's "reasonable attorney fees." I disagree with both determinations as well as the method of constitutional interpretation employed to reach the coverage conclusion.[9]

The majority's analysis of the constitutional amendment is somewhat limited. It makes the observation that, in passing a variety of constitutional amendments authorizing legislation creating individual county merit systems, the General Assembly employed differing phraseology to describe the county personnel to be covered by the various counties' individual merit systems. Because some constitutional amendments authorized coverage for "county employees" and "certain employees of . . . the office of the clerk of superior court" (Floyd County); or for "county employees" and employees and deputies of county officers (Fulton and DeKalb counties), the majority at 506 concludes that the language of Gwinnett County's amendment ("all present and future employees of Gwinnett County other than elected officials") is "insufficient to bring employees of the Clerk of the Superior Court within its coverage." In essence, the majority is stating that it is the General Assembly's perception of the breadth of its legislation, the General Assembly's concern that its legislation might be interpreted as not being as inclusive as it desired, which controls the judicial interpretation of the legislation feared to be inadequate. In contrast, I believe that this court should examine the merits of the questioned legislation and not rely solely on the General Assembly's perceptions of inadequacy.

1. Since 1817, the clerks of the superior court have had the power to appoint a deputy or deputies whose powers and duties are the same as those of the clerk for as long as the clerk remains in office. OCGA § 15-6-59 (b). However, if the positions in the clerk's office are subject to the merit system, the clerk's authority to appoint deputies pursuant to § 15-6-59 (b) "is limited to vacancies created by the removal of employees in the manner provided under the applicable personnel or civil service system or vacancies created when employees resign or retire." *Wayne County v. Herrin*, 210 Ga. App. 747, 753 (437 SE2d 793) (1993). A merit system of employment applicable to Gwinnett County had its inception during the 1968 session of the General Assembly, which passed a resolution proposing a constitutional amendment which authorized the legislature to provide by law for the

---

[9] In holding that the employees of the clerk's office are not covered by the constitutional amendment because they are employees of an elected county official and the amendment does not specifically cover employees of elected county officials, the majority has overruled its affirmance of the Superior Court of Gwinnett County in *Henderson v. Sherrington*, 256 Ga. XXVIII (1986), wherein the superior court held that the employees of the Gwinnett County tax commissioner, an elected official, were covered by the county's merit system.

creation of a merit system of employment "for any or all present and future employees of Gwinnett County, other than officials elected by the people." Ga. L. 1968, p. 1884, § 1. After the constitutional amendment was ratified by the voters, the General Assembly passed local legislation called the "Gwinnett County Merit System Act" (Ga. L. 1969, p. 3051 et seq.), which provided coverage to "all appointed offices and positions of trust or employment in the service of Gwinnett County, except those placed in the unclassified service by this Act." Id. at § 2. Members of the unclassified service were statutorily identified as

> [o]fficers elected by the people and persons appointed to fill vacancies to such elective offices; [o]fficers and employees specifically exempted by law . . . [and] . . . department heads such as the . . . chief deputy clerk of the Superior Court. . . .

Id. at § 9. The Act was subsequently amended in 1987 to also exempt from merit system coverage

> [p]ersonnel employed by the . . . clerk of the superior court . . . who are employed or to be employed in an upper managerial or upper supervisory capacity and who consent in writing to accept such upper managerial or upper supervisory positions knowing that such employment is an 'unclassified service' as defined under this Act.

Ga. L. 1987, p. 5388, § 1.

For me, the question is one of construction of the constitutional amendment ratified in 1968. It is simply whether the employees of the Office of the Clerk of the Superior Court of Gwinnett County qualify as "employees of Gwinnett County, other than officials elected by the people." As the employees of the clerk's office are not elected by the people, the only issue is whether they are "employees of Gwinnett County."

> " 'It is, of course, fundamental that "the cardinal rule to guide the construction of laws is, first, to ascertain the legislative intent and purpose in enacting the law, and then to give it that construction which will effectuate the legislative intent and purpose." [Cits.]' " Although "the legislative intent prevails over the literal import of words" [cit.], *where a constitutional provision or statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms. [Cits.]"* [Cit.]

*"In other words the language being plain, and not leading to absurd or wholly impracticable consequences, it is the sole evidence of the ultimate legislative intent."* [Cits.]

(Emphasis supplied.) *Hollowell v. Jove,* 247 Ga. 678, 681 (279 SE2d 430) (1981). See also *Van Dyck v. Van Dyck,* 262 Ga. 720, 721 (425 SE2d 853) (1993). The constitutional amendment "is plain and susceptible of but one natural and reasonable construction": one who qualifies as an unelected employee of Gwinnett County is entitled to merit system coverage. I suggest that it is clear that one is an employee of Gwinnett County if one is on a regular payroll maintained by Gwinnett County and Gwinnett County is the payor of the wages or salary one receives as compensation for one's toil. Thus, the constitutional amendment authorizes the creation of a merit system which covers all those persons who regularly receive payment from Gwinnett County in exchange for services rendered on behalf of the county, except those persons elected to office in Gwinnett County. The local legislation passed pursuant to the authority given in the constitutional amendment more narrowly defines the employees covered by the merit system by excluding from coverage a list of non-elected persons receiving payroll checks from Gwinnett County, and that list includes the chief deputy clerk of the superior court (Ga. L. 1969, p. 3051, § 9) and upper managerial and supervisory personnel who agree to assume the unclassified post. Ga. L. 1987, p. 5388, § 1. In light of the constitutional amendment and the local legislation that followed, I must conclude that all employees of the superior court clerk's office except the chief deputy clerk and those who are in supervisory or managerial positions and have agreed in writing to accept those positions knowing they are not covered by the county merit system, are within the coverage of the county merit system. Consequently, I cannot agree with the majority's conclusion that no employee of the clerk's office is covered by the county merit system, and I would reverse the trial court's judgment holding that the merit system did not cover deputy clerks.

2. The clerk of Gwinnett Superior Court contends that no employee of an elected public official having statutory authority to appoint deputies is an employee of the county. In support of his position, the clerk cites a number of appellate decisions in which deputy *sheriffs* were described as employees of the sheriff rather than employees of the county. See, e.g., *Drost v. Robinson,* 194 Ga. 703 (22 SE2d 475) (1942); *Bd. of Commrs. of Richmond County v. Whittle,* 180 Ga. 166 (178 SE 534) (1934). No appellate decision, however, has applied the holdings of those cases in a case involving a deputy clerk, and with good reason. In *Whittle,* this court held that a law which required the sheriff to submit to the county board of commissioners

the number of deputies and a recommendation as to their salaries in order that the board might fix the salaries for the next year did not authorize the board to abolish the office of deputy sheriff or to discharge or control deputies the sheriff had appointed. The court noted that the sheriff had then, as the sheriff has now, the statutory authority to appoint deputies (OCGA § 15-16-23) and observed that the sheriff and his bond were liable for the conduct of the deputy sheriffs he appointed. Up until 1994, sheriffs were required to post bond "conditioned for the faithful performance of their duties as sheriffs, by themselves, their deputies, and their jailers. . . ." Ga. L. 1994, p. 747, § 1. Sheriffs are also statutorily liable for the misconduct of their deputies and their jailers. OCGA § 15-16-24. In contrast, the clerk of superior court does not post a bond conditioned for the faithful performance of the clerk's deputies' duties; rather, the clerk can require the deputy clerk to post a bond binding the deputy for faithful performance. OCGA § 15-6-59 (a), (b). In addition, no statute makes a clerk liable for the misconduct of the deputy clerks. Case law has carved out a niche for deputy sheriffs, but there is no support for the contention set forth by the clerk in this case — that the narrow niche is in reality a chasm swallowing all personnel employed by an elected county officer with authority to appoint deputies. See *Henderson v. Sherrington*, 256 Ga. XXVIII (1986).

3. Because I conclude that the superior court clerk should not have been successful in his pursuit of a declaratory judgment releasing him from the constraints of the county merit system when dealing with his employees, the trial court was correct in denying the clerk's application for attorney fees even under the majority's new rule authorizing county payment of attorney fees incurred by a county official who *successfully* asserts a legal position that the local government attorney cannot or will not assert on behalf of the county official. I am, however, troubled by the majority's approval of county officials filing suits in their official capacities (other than suits filed in the regular course of business, e.g., tax forfeitures) and then turning to the county's governing authority for payment of attorney fees expended pursuing the unauthorized litigation. It is of particular concern in this case where this declaratory judgment action was resolved by the trial court despite the fact that the merit system appeals process had already upheld the clerk's termination of the deputy clerk. The clerk's declaratory judgment action would have been a "case or controversy" only had the merit system appeals process upheld the position of the employee against whom action was taken and the clerk had refused to abide by that decision, thereby forcing the employee to bring an action against the clerk. See, e.g., *Burbridge v. Hensley*, 194 Ga. App. 523 (391 SE2d 5) (1990). See also *Civil Svc. Bd. of Fulton County v. MacNeill*, 201 Ga. 643 (40 SE2d 655) (1946) and *MacNeill*

*v. Wood*, 198 Ga. 150 (31 SE2d 14) (1944).

4. The majority deemed "without merit" the county's assertion that the trial court erred when it refused to order the joinder, as necessary parties to the action, of the employees of the clerk's office. See OCGA § 9-11-19. A merit system creates a constitutionally-protected contract between the employees covered and the government employer. *Clark v. State Personnel Bd.*, 252 Ga. 548, 550 (314 SE2d 658) (1984). The employees of the clerk's office should have been joined in this suit as they certainly had an interest relating to the subject matter of the action, and the disposition of the action adverse to their interest in their absence will impair or impede their ability to protect their interest in the future. OCGA § 9-11-19 (a) (2).

In sum, I believe the employees of the Office of the Clerk of Superior Court should have been joined as parties in this action; that only those employees who hold positions described in Ga. L. 1969, p. 3051, § 9 and Ga. L. 1987, p. 5388, § 1 are exempt from coverage of the Gwinnett County Merit System Act, and that the clerk of superior court is not entitled to reimbursement for the reasonable attorney fees he expended initiating and pursuing this declaratory judgment action. As a result, I respectfully dissent.

DECIDED MAY 30, 1995 —
RECONSIDERATION DENIED JUNE 30, 1995.

*Caryl B. Sumner, John E. Underwood, William J. Linkous III, Boyce, Ekonomou & Atkinson, Richard A. Carothers, Lee W. Fitzpatrick*, for appellants.

*Rowe & Lawler, Thomas C. Lawler III, H. Patterson Garner*, for appellees.