### S10A0584. THOMAS v. LEE et al.

(691 SE2d 845)

MELTON, Justice.

Following termination of her employment as an administrative assistant in the office of A. Mark Lee, the Solicitor-General of Effingham County (County), Angela Denise Thomas brought suit against Lee and the Effingham County Board of Commissioners (Board). In this action, Thomas contended that, because she had a property interest in her employment triggering due process rights, she was entitled to a writ of mandamus compelling Lee and the Board to hold a hearing pursuant to County policies prior to her termination. Lee and the Board filed a motion to dismiss, which the trial court granted based on a determination that Thomas had no property interest in her continued employment by Lee.[1] Thomas now appeals this ruling, and we affirm.

The record shows that, on June 21, 2005, Thomas was fired for sending an e-mail to a public forum in which she disparaged the Effingham County Sheriff's Department. This act apparently violated Effingham County policies, and Lee wrote Thomas a letter basing her termination on this fact. Thomas later requested a termination hearing pursuant to County policies, but Lee and the Board denied her request. In response, Thomas filed this lawsuit against Lee and the Board, contending that: (1) her due process rights to her employment under the civil service system had been violated, (2) Lee had tortiously interfered with her employment contract, and (3) she was entitled to a writ of mandamus compelling Lee and the Board to hold a termination hearing.[2] In the court below, Lee and the Board filed a motion to dismiss Thomas' claims, contending that, because Lee never requested that Thomas be placed in the civil service system by written application, Thomas was an at-will employee of Lee. The trial court granted the motion to dismiss, finding that Thomas was neither an employee of the County, nor the civil service system. As a result, she had no property interest in her employment, and her claims had no merit.

---

[1] In the alternative, the trial court determined that Thomas' claims were barred because she failed to give ante litem notice prior to filing suit.

[2] Thomas also brought federal constitutional claims, but they have since been dismissed and the dismissal has been affirmed by the Eleventh Circuit. In addition to this action, Thomas also filed a separate case regarding her right to unemployment benefits.

The trial court properly granted the motion to dismiss on this basis.

> In reviewing the grant of a motion to dismiss, an appellate court must construe the pleadings in the light most favorable to the appellant with all doubts resolved in the appellant's favor. A motion to dismiss should only be granted if the allegations of the complaint, construed most favorably to the plaintiff, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts. Stated somewhat differently, a motion to dismiss should not be granted unless the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

(Punctuation and footnotes omitted.) *Ewing v. City of Atlanta*, 281 Ga. 652, 653 (2) (642 SE2d 100) (2007).

All of Thomas' claims must fail in this case if there is no manner in which she may have a property interest in her employment as an employee of the County covered by its civil service system.

> To establish such a claim, [Thomas] must show that [she] had a protected property interest in [her] employment. See *Board of Regents of State Colleges v. Roth*, 408 U. S. 564, 571 (92 SC 2701, 2706, 33 LE2d 548) (1972). "State law determines whether a public employee has a property interest in his or her job." *Warren v. Crawford*, 927 F2d 559, 562 (11th Cir. 1991). Under Georgia law, a public employee generally has no protected property interest unless he or she is employed under a civil service system, which allows termination only for cause. Id.

*Brett v. Jefferson County*, 123 F3d 1429, 1433-1434 (II) (B) (11th Cir. 1997).

We have previously considered the manner in which employees of elected county officials may be brought under a county civil service system in *Gwinnett County v. Yates*, 265 Ga. 504 (458 SE2d 791) (1995). There, we explained:

> The power of the General Assembly to authorize by general law the creation of county civil service systems was made part of the 1983 Georgia Constitution. Article IX, Sec. I, Par. IV, which preserves the distinction between county employees and the employees of elected officials, provides that

the General Assembly may authorize the establishment of civil service systems by county governments "covering county employees or county employees and employees of elected county officials." The legislature again preserved this distinction between county employees and employees of elected county officials with the passage in 1986 of OCGA § 36-1-21.

Id. at 506 (1) (b). In relevant part, OCGA § 36-1-21 states:

(a) The governing authority of any county is authorized to provide by ordinance or resolution for the creation of a civil service system for employees of the county, other than elected officials or persons appointed to positions for specified terms.

(b) Subsequent to the creation of a civil service system, the county governing authority which created the system may provide by ordinance or resolution that positions of employment within departments subject to the jurisdiction of elected county officers or subject to the jurisdiction of other commissions, boards, or bodies of the county shall be subject to and covered by the civil service system *upon the written application of the elected county officer*, commission, board, or body having the power of appointment, employment, or removal of employees of the officer, department, commission, board, or body. Once positions of employment are made subject to the civil service system, such positions shall not be removed thereafter from the coverage of the civil service system.

(Emphasis supplied.)

We have previously summarized the effect of these laws by finding that

[i]n short, the foregoing mandates that even if a county creates a merit system for employees of the county, the system does not cover the employees of elected officials until the elected official has sought coverage for his employees by "written application" and the county governing authority has passed an appropriate ordinance or resolution.

(Footnote omitted.) *Yates*, supra, 265 Ga. at 507 (1) (b).

In this case, Lee is an elected county officer who had the statutory authority to hire Thomas and define her duties and

responsibilities pursuant to OCGA § 15-18-71.[3] In addition to the power to hire Thomas and define her duties, Lee also had the option to attempt to bring Thomas under the civil service system by written application to the County. OCGA § 36-1-21 (b). Lee has never made any such application, and, concomitantly, the County has passed no ordinance or resolution making Thomas a civil service employee. Therefore, Thomas, as a public employee, lacks a protected property interest in her employment, and she could be terminated without cause. *Yates*, supra. Accordingly, she has no recourse in this case because she "could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought." *Ewing*, supra, 281 Ga. at 653 (2).

Contrary to Thomas' assertions, the mere facts that Lee fired her based on County policies and she received her paycheck and benefits from the County do not alter this outcome. In essence,

> [Thomas] contend[s] that, even if the statutory requirements [of OCGA § 36-1-21] were not satisfied, a de facto civil service system existed based on [Lee's] adoption and distribution of departmental rules and regulations that integrated by reference the county civil service system. While protected property interests in continued employment can arise from the policies and practices of an institution, a property interest contrary to state law cannot arise by informal custom. In the absence of satisfaction of the requirements of section 36-1-21 (b), [Thomas was an] at-will employee[ ] with no protected property interest in continued employment.

(Citations omitted.) *Brett*, supra, 123 F3d at 1433 (II) (B). *Judgment affirmed. All the Justices concur.*

DECIDED MARCH 1, 2010 —
RECONSIDERATION DENIED MARCH 29, 2010.

---

[3] OCGA § 15-18-71 states:

(a) The solicitor-general of a state court may employ such additional assistant solicitors-general, or other attorneys, investigators, paraprofessionals, clerical assistants, victim and witness assistance personnel, and other employees or independent contractors as may be provided for by local law or as may be authorized by the governing authority of the county. The solicitor-general shall define the duties and fix the title of any attorney or other employee of the solicitor-general's office.

(b) Personnel employed by the solicitor-general pursuant to this Code section shall be compensated by the county, the manner and amount of compensation to be paid to be fixed either by the solicitor-general with the approval of the governing authority of the county or as provided for by local Act.

. . .

*Duffy & Feemster, Stanley E. Harris, Jr.*, for appellant.
*Brown, Readdick, Bumgartner & Carter, Richard K. Strickland, Paul M. Scott*, for appellees.